## ROBERTSON v. COY et al.

No. 21847. Opinion Filed Dec. 9, 1930.

Joe Simpson and B. C. Franklin, for plaintiff in error.

E. A. Robinson and Quincy, J. Jones, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Tulsa county made on the 4th day of October, 1930, in an action wherein the plaintiff in error was plaintiff.

The plaintiff in the trial court sought an injunction against the sale of real estate upon execution, and on the 3rd day of October, 1930, an order was issued restraining the defendants from selling the real estate levied upon and fixed the 10th day of October, 1930, as the date for hearing upon application for temporary injunction. On October 4, 1930, the defendants filed a motion to vacate and dissolve the restraining order, and upon hearing upon said motion and upon the same day the court dissolved the restraining order, leaving the cause pending in the trial court. From this order, the plaintiff appeals.

The defendants now move the court to dismiss the appeal for the reason the order appealed from is not an appealable order.

Under the 2nd subdivision of section 780, C. O. S. 1921, this court may review an order that grants, or refuses, vacates, or modifies an injunction. The distinction between a restraining order and temporary injunction has been clearly drawn in this court in the case of Ex parte Grimes, 20 Okla. 446, 94 Pac. 668; Goldsmith v. City of Ardmore, 136 Okla. 201, 277 Pac. 230. In the last-named case, in the body of the opinion, the court says:

"In 22 Cyc. p. 745, a restraining order is defined, an order granted to maintain the subject of controversy in status quo until a hearing on an application for temporary injunction. Its purpose is merely to suspend proceedings until there may be an opportunity to inquire whether an injunction should be granted, and it is not intended as an injunction pendente lite."

The Court of Civil Appeals of Texas, Galveston, in the case of Simpson v. City of Nacogdoches, 152 S. W. 863, announced the following rule:

"Rev. Civ. St. 1911, art. 4644, allowing an appeal to the Court of Civil Appeals from an order granting, refusing, or dissolving a temporary injunction, does not authorize an appeal from an order dissolving a temporary restraining order."

The Supreme Court of Indiana, in the case of Terre Haute & L. Ry. v. St. Joseph, S. B. & S. R. Co., 57 N. E. 530, under statute authorizing an appeal from an interlocutory order granting, dissolving, or overruling a motion to dissolve an injunction, held that an appeal would not lie from an order dissolving a temporary restraining order. In the case of Emporia v. Emporia Telephone Co., 133 Pac. 858, in the body of the opinion, the Supreme Court of the state of Kansas said:

"The first question presented is whether the order actually made below was a temporary injunction or merely a restraining order; an appeal lying from the former and not the latter."

In 3 C. J. 564, in discussing the right of appeal from injunctive orders, the following language is used:

"The order or decree, to come within the statute, must be one granting, refusing to grant, dissolving or refusing to dissolve, an injunction, according to the terms of the particular statute, and as a rule it must relate to an injunction as distinguished from a mere temporary restraining order."

The order dissolved by the trial court in the order here sought to have reviewed is clearly a restraining order. It is directed to Charles Price, sheriff of Tulsa county, and restraining him from selling the real estate described in the petition and in the order, and orders that the 10th day of October, 1930, is set down as a date for a hearing upon a temporary injunction, and further recites, "This restraining order is made returnable on that date."

We are unable to find where the direct question involved herein has ever been passed upon in this jurisdiction, but from the construction placed upon similar statutes to that of this state above quoted 'by the authorities above cited, we are of the opinion that an appeal does not lie from an order dissolving a temporary restraining order, and the appeal is dismissed.