[File No. 6105.]

C. F. MUDGETT, as Manager of the Bank of North Dakota, as Agent for the State Treasurer, as Trustee for the State of North Dakota, Respondent, v. FLORENTINA BERGER, et al. FLORENTINA BERGER and Stefan Berger, Appellants.

(244 N. W. 874.)

Opinion filed October 19, 1932.

*Jacobsen & Murray,* for appellants.

*P. H. Buller* and *G. Olgeirson,* for respondent.

CHRISTIANSON, Ch. J. This is an action to foreclose a real estate mortgage. The trial court made findings of fact and conclusions of law in favor of the plaintiff. Judgment was entered accordingly and the defendants have appealed from the judgment. No statement of the case has been settled and error is predicated solely upon the judgment-roll. In short, it is claimed that the conclusions of law are not warranted by the findings of fact. The trial court, among others, made the following findings of fact:

"That at all times mentioned in the pleadings, and at the present time, the defendants, Florentina Berger and Stefan Berger were and are husband and wife, and at all times mentioned in the complaint and at the present time did and do reside upon a portion of real property described in the mortgage (description of real property), that at all times mentioned in the pleadings the said defendants made said premises their home."

"That at the time the said mortgage was executed and acknowledged, Evert R. Lanterman, who took the acknowledgment of the defendants, Florentina Berger and Stefan Berger, to the said mortgage, was a United States Commissioner, duly commissioned under the provisions of § 1333, United States Compiled Statutes."

"That the said mortgage so described was and is a purchase money mortgage given by the defendants, Florentina Berger and Stefan Berger, wife and husband, to secure a portion of the purchase price of the premises therein described."

Under the laws of this state "the homestead of a married person cannot be conveyed or incumbered, unless the instrument by which it

is conveyed or incumbered is executed and acknowledged by both hus-band and wife." Comp. Laws 1913, § 5608.

It is the contention of appellants that the mortgage in question here is void for the reason that the acknowledgment of the defendants, Florentina Berger and Stefan Berger, to said mortgage was taken by a United States Commissioner; and it is asserted that such officer is not authorized to take an acknowledgment under the laws of this state.

So far as material here our laws (Comp. Laws 1913, § 5564) pro-vide:

"The proof or acknowledgment of an instrument may be made in this state . . . before . . ."

5. A United States circuit or district court commissioner. . . ."

The provision authorizing "a United States circuit or district court commissioner" to take an acknowledgment was first enacted in this jurisdiction in 1885. See, Laws, Territory of Dakota, 1885, chap. 1. At the time this statute was enacted the laws of the United States pro-vided:

"Each circuit court may appoint, in different parts of the district for which it is held, so many discreet persons as it may deem neces-sary, who shall be called 'commissioners of the circuit courts,' and shall exercise the powers which are or may be expressly conferred by law upon commissioners of circuit courts." U. S. Rev. Stat. (1878) § 627 (U. S. C. A. title 28, § 526, note).

In 1896 Congress enacted a statute which provided that the terms of all commissioners of the circuit courts, theretofore appointed, should expire on the 30th day of June, 1897, and such office should then cease; and that the District Court of each judicial district should appoint such number of persons, to be known as United States Commissioners, at such places as the District Court might designate, who should have the same powers and perform the same duties as were formerly im-posed upon the commissioners of the circuit courts. The act further made applicable to United States commissioners all acts and parts of acts applicable to commissioners of the circuit courts, except as regards the matters of appointment and fees. Act of May 28th, 1896, chap. 252 (29 Stat. at L. p. 184). See also 29 Am. & Eng. Enc. Law (2d Ed.) pp. 183, 184; 39 Cyc. p. 792.

It is the contention of the appellants that when the legislative assembly of the Territory of Dakota (Laws of Dakota, 1885, chap. 1) and when later the legislative assembly of the State of North Dakota (N. D. Rev. Codes, 1895, § 3574), authorized acknowledgments to be taken by "a United States circuit or district court commissioner," the lawmakers had in mind the only court commissioner then provided for by the laws of the United States, namely, a commissioner of the circuit court; and when Congress, by the enactment of May 28, 1896, abolished the office of commissioner of the circuit court, there no longer was, and has not since been, any United States circuit or district court commissioner to whom the statute might apply.

In our opinion this argument is not well founded and ignores the language of the statute itself. Ordinarily and presumptively statutes are prospective in their operation only. The legislature may enact statutes to meet conditions reasonably to be anticipated in the future; and in the absence of constitutional provision to the contrary it may provide that a statute shall become effective on the happening of certain conditions or contingencies specified in the act or implied therefrom. 59 C. J. pp. 1156, 1157; 26 Am. & Eng. Enc. Law, p. 567. Thus, the operation of an act may be made to depend on legislation which may thereafter be enacted by Congress, or even by the legislative assembly of some other state. 1 Lewis's Sutherland, Stat. Constr. 2d ed. pp. 168, 169. So far as we have been informed, or can ascertain, Congress had made no provision for the appointment of commissioners by the United States district court either at the time the territorial legislature enacted the statute authorizing a United States circuit or district court commissioner to take an acknowledgment, or when the state legislature re-enacted the territorial statute as a part of the civil code of this state. Rev. Code, 1895, § 3574. The term "commissioner," however, had achieved a distinct meaning. The Supreme Court of the United States had held that "a commissioner is an officer, or an adjunct of the court, possessing independent, though subordinate, judicial powers of his own, and his duties are prescribed by statute." 11 Enc. U. S. Sup. Ct. Rep. p. 818. The congressional enactment of 1896 did not alter the functions of a commissioner. It merely provided a change in the mode of appointment and in the fees. The functions of a commissioner continued as before, and provision was made

for appointment of court commissioners by the district courts instead of as formerly by the circuit courts.

It will be noted that our statute does not employ the official designation prescribed by Congress. The Act of Congress said the commissioners should be called "commissioners of the circuit courts." U. S. Rev. Stat. (1878) § 627, U. S. C. A. title 28, § 526, note. The territorial and state legislative assemblies said: "A United States circuit or district court commissioner" shall have authority to take acknowledgments in this jurisdiction. This language indicates that the legislative assembly intended to confer the power to take acknowledgments upon two classes of commissioners: (1) Those appointed by a United States circuit court; and (2) those appointed by a United States district court. At the time the statute was enacted by the territorial legislature and re-enacted by the legislative assembly of the State of North Dakota there was no commissioner appointed by the United States district court. Hence, the only reasonable deduction is that our lawmakers contemplated that at some future date Congress might provide for the appointment of such commissioners; and that it was their intention that if, and when, Congress authorized the United States district court to appoint a commissioner or commissioners, that such officer or officers should be empowered to take acknowledgments in this jurisdiction.

Appellants cite and rely on Interstate Sav. & L. Asso. v. Strine, 58 Neb. 133, 78 N. W. 377. It is true it was there held that a United States Commissioner had no authority to take acknowledgments of real estate conveyances in Nebraska. But it appears from the decision, as well as from an examination of the laws of Nebraska, that the statutes of that state did not purport to authorize a commissioner appointed by either the United States circuit court or the United States district court to take acknowledgments. In short, there was no provision in the laws of Nebraska similar to that contained in our laws, quoted above. The taking of acknowledgments is controlled by the laws of the state and an officer to whom no authority is given cannot take an acknowledgment. 1 C. J. p. 794. The Nebraska court merely applied and enforced this elementary rule. With this rule we fully agree. The question in this case is whether at the time the acknowledgment of the mortgage in question here was taken the laws of this state authorized a

United States Commissioner to take an acknowledgment of a real estate mortgage in this state. For reasons already stated we are of the opinion that he had such authority. The acknowledgment in question here was therefore a valid acknowledgment. This is decisive of the case and renders it unnecessary to consider any of the other questions argued. The judgment appealed from is correct and must be affirmed. It is so ordered.

BURR, NUESSLE, BIRDZELL and BURKE, JJ., concur.