## PICKENS et al. v. FIRST NAT. BANK of VIAN.

No. 21797. Feb. 13, 1934.

Geo. W. Dodd, E. L. McRaven, and Watts & Wall, for plaintiffs in error.

Carlile & Moore, for defendant in error

OSBORN, J. This is an appeal from the district court of Sequoyah county from an order of said court sustaining a motion to dissolve a temporary restraining order.

It appears that the First National Bank of Vian, Okla., hereinafter referred to as defendant, held two chattel mortgages signed by W. C. Pickens, C. E. Pickens, and Burge Hoyle, hereinafter referred to as plaintiffs. Said chattel mortgage covered certain personal property used in the business of the plaintiffs, which was the manufacturing of axe handles. The two promissory notes for which the chattel mortgages were given as security came due, and defendant instituted foreclosure proceedings by advertisement under the provisions of section 7645, C. O. S. 1921 (11272, O. S. 1931). Plaintiffs filed this action to enjoin the foreclosure of said mortgages by advertisement, and procured a temporary restraining order from the county judge in the absence of the district judge. Defendant filed a motion to dissolve the temporary restraining order, which motion was heard by the district judge and sustained, whereupon plaintiffs gave notice of appeal to this court. The court fixed the amount of the supersedeas bond and plaintiffs attempted to comply by the filing of a bond which the court found to be insufficient. Additional time was granted to file a sufficient supersedeas bond, but the same was not filed and the judgment of the trial court was not superseded. Upon this state of facts this cause is presented to this court.

The case of Patterson v. Riley, 46 Okla. 205, 148 P. 169, presents a state of facts similar to that presented here. In that case it was sought to obtain a temporary injunction to enjoin the county clerk of Oklahoma county from placing of record certain drainage district assessments. A demurrer was sustained to a temporary injunction, from which order an appeal was taken. No supersedeas bond was filed. This court announced the following rule:

"When a temporary injunction is issued enjoining an officer from performing an official act, and on final hearing the temporary injunction is dissolved, and the time fixed for filing a supersedeas bond, if no bond is filed the order and judgment dissolving the temporary injunction becomes effective at the expiration of the time allowed for filing such bond, and the court will not presume that the officer has not performed the act enjoined, and will, if sufficient time has elapsed for the completion of said act, dismiss an appeal from the judgment dissolving the injunction on the ground that it presents only a moot question."

In the instant case, although the appeal is lodged from an order dissolving a temporary restraining order, it must be treated as a refusal to grant a temporary injunction. Goldsmith v. City of Ardmore, 136 Okla. 201, 277 P. 230. See, also, Robertson v. Coy, 146 Okla. 155, 293 P. 1105.

The above authorities effectually dispose of the only meritorious issue involved herein. The judgment of the court in refusing

an injunction was not superseded. We are, therefore, bound to assume that defendant proceeded to foreclose the chattel mortgages involved. It is well settled that a person cannot be enjoined from performing an act which has long since been performed. The only question presented here is moot.

The appeal is dismissed.

RILEY. C. J., CULLISON, V. C. J., and SWINDALL, and ANDREWS, JJ., concur.