CALLAWAY, Adm'x, et al. v. SPARKS et al.

No. 28739.    April 4, 1939.

Robert E. Owens, for plaintiffs in error.

H. B. Lockett, for defendants in error.

HURST, J. This is an action to recover on a bond given as a condition to the issuance of a restraining order.

On August 18, 1936, A. A. Glaze procured a temporary restraining order restraining Orin, Gene, and Forrest Sparks from cutting a hay crop on certain premises until the further order of the court. It was then provided that the application of Glaze for a temporary injunction was set for August 26, 1936. In connection with the issuance of the restraining order pending the hearing on the temporary injunction, Glaze executed a bond in the sum of $250, with J. R. Prentice as surety. The condition of the bond was "that the plaintiff shall pay the said defendants any damages they may sustain, by reason of the issuing of said injunction or restraining order. if it shall be finally determined that said injunction or restraining order ought not to have been granted." On August 26, 1936, the restraining order was voluntarily dissolved by Glaze.

The Sparkses now bring this action against Glaze and Prentice to recover damages which they alleged to have been sustained by reason of the delay in harvesting their hay crop caused by the wrongful issuance of the restraining order, and also for attorney fees. Prior to the trial Glaze died and the action was revived in the name of his administrator. The jury returned a verdict in favor of plaintiffs in the sum of $175, of which $100 represented actual damages and $75 attorney fees. Judgment was rendered accordingly, and defendants bring this appeal.

■ Defendants first contend that the trial court erred in overruling their demurrer to the evidence for the reason that there is no proof that the conditions of the bond have been breached. This action is on the bond, and liability is dependent entirely upon the provision in the bond that "if it shall be finally determined that said injunction or restraining order ought not to have been issued." 32 C. J. 437. There is no evidence presented on this issue. However, defendant Glaze in his answer alleged "that said restraining order and temporary injunction was in

force and effect for only eight days and that same was voluntarily dissolved by the defendant A. A. Glaze." This is a solemn admission binding on him. Lee v. Little (1921) 81 Okla. 168, 197 P. 449. Where a restraining order is voluntarily dissolved by the party procuring same, and there is no evidence as to the circumstances surrounding its dismissal or the justification therefor, the dismissal amounts to a determination that it "ought not to have been issued." 32 C. J. 449, sec. 773, 450, sec 774. The reason behind the rule is well stated in Mitchell v. Sullivan, (1883, Kan.) 1 P. 518, where the court said:

"If the law were otherwise, a party might commence his action, obtain a temporary injunction, execute his undertaking, put the defendant to great trouble, inconvenience, and expense, and then, after all the evidence in his case was presented, relieve himself from liability upon the injunction undertaking by simply dismissing his action before the final submission of the case to the jury or to the court."

In view of the state of the record in this case, the trial court did not err in overruling defendants' demurrer to plaintiffs' evidence.

■ Defendants further contend that no attorneys' fee is recoverable under the bond. It is argued that for a restraining order, as distinguished from a temporary injunction, no bond is required by statute, and that therefore when one is given, it is a common-law bond, which, in the absence of an express provision therein, does not authorize the recovery of attorney fees where the restraining order is wrongfully procured. However, the record discloses that counsel for plaintiffs stated: "I will say to the court it is stipulated and agreed between Mr. Owens (attorney for defendants) and myself that I would be entitled to a reasonable attorney fee without having to put any witness on." Counsel for defendants remained silent, and by his silence must be presumed to have agreed to this stipulation. William H. Low Estate Co. v. Lederer Realty Corp. (1916, R. I.) 98 Atl. 180. The court acted on the stipulation and instructed the jury that a reasonable attorneys' fee had been agreed upon as being $75. Defendants are bound by the stipulation and are in no position to now complain. Reeves Realty Co. v. Brown (1915) 45 Okla. 737, 147 P. 318; 60 C. J. 50, sec. 23.

■ Defendants' third contention goes to the measure of damages with respect to recovery of actual damages. Plaintiffs' claim for actual damages was that their hay crop was ready to harvest on August 18th, when the restraining order was issued, and that they refrained from cutting and selling their crop until around the middle of September, when they first learned that the restraining order had been dissolved; that because the hay was required to stand and because of rains, it became stemmy and deteriorated in value and was sold for less than it would have been sold for had the restraining order not been issued. They submitted evidence that rain impaired the market value of the crop, and there was some evidence that hay will get stemmy if it stands even in dry weather, but the evidence in this regard is so indefinite as to be of no value. It is clear that plaintiffs' theory is that the hay was damaged by the rains. The official weather report, introduced in evidence shows that there was no rain between August 18th and September 15th, but that the rains commenced on September 16th. The trial court instructed the jury that the measure of damages is "the damage caused to the hay by reason of the delay, that is, the market value of the hay if it had been cut immediately following the issuance of the injunction and the market value of the hay at the time and in the condition it was in **at the time it was actually cut and harvested.**"

Defendants contend that the measure of damages should be the difference in the market value between the time the restraining order was issued and was dissolved on August 26, 1936.

A restraining order is an order granted to maintain the subject of the controversy in status quo until a hearing may be had on the application for a temporary injunction and it automatically expires on the date on which the court cites the parties to appear for hearing on the temporary injunction, if it is not further continued. Ex parte Grimes (1908) 20 Okla. 446, 94 P. 668; Smith v. State (1916) 12 Okla. Cr. 513, 159 P. 941; Walbridge-Aldinger Co. v. City of Tulsa (1924) 107 Okla. 259, 233 P. 171; Robertson v. Coy (1930) 146 Okla. 155, 293 P. 1105. The provision that it shall continue "until the further orders of this court," when used in a restraining order, does not affect its character. Ex parte Grimes, supra. Therefore, on August 26, 1936, the restraining order expired and it is immaterial that the plaintiffs did not actually know of that fact until the middle of September.

Although no bond is required under section 710, O. S. 1931 (12 Okla. St. Ann. sec. 1384),

authorizing a restraining order, the bond here made contains the exact condition required of bonds for temporary injunctions by section 718, O. S. 1931 (12 Okla. St. Ann. sec. 1392), except as to the provision for attorney fees. The measure of damages for the decrease in the market value of a matured crop caused by delay occasioned by a wrongful temporary injunction is stated in Oklahoma Cotton Growers' Ass'n v. Groff (1929) 135 Okla. 285, 275 P. 1032, as follows:

"Where an injunction operates to delay the sale of personal property having a market value, and pending such delay depreciation occurs in the value of the property, such loss being occasioned by the injunction, the difference between the market value of the property at the time it would have been sold, but for the existence of the injunction, and the market value when the injunction no longer prevented a sale, and interest on the value of the property, is the measure of damages."

This is the rule applicable here, with the modification that a reasonable time should be allowed after the expiration of the order to harvest the crop. Therefore, the court erred in allowing the jury to consider the difference between the market value at the time of the issuance of the order and the time of the actual sale, which was some time after the date when the restraining order was no longer operative and a reasonable time had elapsed for harvesting. Nor can this error be called harmless, because under the proper measure of damages, there is no evidence of any damage to the crop, in that the rains did not occur until some 20 days after the order expired. Under the evidence, ten days was a reasonable time to harvest the crop.

Plaintiffs have denominated this appeal as frivolous, but we do not think so. Although the amount involved is small, we are governed by rules of law, but, in the interest of economy, the trial court may, at the option of plaintiffs, either require a remittitur down to $75, or grant a new trial.

Judgment affirmed on condition of remittitur as herein stated; otherwise, judgment is reversed, with directions to grant a new trial.

Costs are equally divided between the parties.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.