## E. S. MILLER LABORATORIES, Inc., v. GRIFFIN.

No. 33166.   June 15, 1948.

*194 P. 2d 877.*

Logan Stephenson, Harry L. S. Halley, W. D. Wooley, F. C. Swindell, and O. C. Lassiter, all of Tulsa, for plaintiff in error.

H. A. Tallman and A. E. Ross, both of Tulsa, for defendant in error.

GIBSON, J.   On December 25, 1945, plaintiff in error, a manufacturer and seller of pharmaceutical, chemical and biological products, engaged the services of defendant in error as salesman for a particular territory. By the terms of the contract it was provided that in event the latter left the employment he would not work in said territory for any other pharmaceutical company or distributor for a period of two years thereafter.

Plaintiff in error, as plaintiff, instituted this action against defendant in error, as defendant. In plaintiff's petition it is alleged that on April 1, 1947, defendant, in violation of said agreement, left the service of plaintiff and immediately entered the employ of another pharmaceutical company, a competitor of plaintiff, and is working for such competitor in said territory, in violation of said provision of the contract. And, alleging plaintiff is without adequate remedy at law, a permanent injunction is prayed for.   Defendant demurred generally to the petition. The demurrer was sustained and judgment rendered for defendant.   Plaintiff appeals from the judgment.

The only question involved on appeal is whether the provision of the contract is in restraint of trade, and therefore against public policy and void.

Plaintiff's contention is reflected in the following statement in the brief:

"The authorities at common law to sustain a contract as in the instant case are overwhelming, and there can be no question but that at common law this contract is valid.

"What is the effect of the Oklahoma Statute on this situation? It is the contention of the plaintiff that the Oklahoma Statute is only declarative of the common law rule, and as such must be interpreted as being subject to the same qualifications as the common law rule."

There are cited from other states, where the common law rule obtains, cases that sustain the validity of such a provision.   It is recognized that Alabama, California, North Dakota, and South Dakota have the same statutes as Oklahoma but there are cited no decisions of any of those states.   The question here has not been decided by this court and our decisions on other phases of the statute are not helpful.

The applicable Oklahoma statutes, Tit. 15 O. S. 1941 §§217, 218, and 219, are as follows:

"Sec. 217.   Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void.

"Sec. 218. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good-will from him carries on a like business therein.

"Sec. 219. Partners may, upon or in anticipation of a dissolution of the partnership, agree that, none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

Concerning the common law rule and the effect thereon of similar statutes, it is said in The Vulcan Powder Co. v. The Hercules Powder Co. et al., 96 Cal. 510, 31 P. 581:

"At common law, originally, all contracts which in any degree tended to the restraint of trade were void; but afterwards the rule was relaxed so as to countenance contracts for the partial restraint of trade, —that is, contracts in which the restraint was confined to reasonable limits of time or place, and which were founded upon sufficient consideration, etc. (Quite a full statement of the rule at common law is to be found in Wright v. Ryder, 36 Cal. 356, 95 Am. Dec. 186.) The rule, however, was uncertain, and led to much perplexing legislation; and the law upon the subject in this state is now declared in section 1673 of the Civil Code. That section is as follows: 'Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void.' The next two sections merely provide that one who sells the good will of a business may agree not to carry on a similar business within a specified county or city; and that, in anticipation of a dissolution of a partnership, a partner may agree not to carry on a similar business within the city or town where the partnership business is transacted. Neither of these two exceptions applies to the case at bar; and, if the contract here sued on is obnoxious to said section 1673, then the demurrer was properly sustained, and the judgment should be affirmed."

And as to the effect of the statutes, upon the common law rule that would apply directly to the situation herein, the North Dakota court, in Olson v. Swendiman, 62 N. D. 648, 244 N. W. 870, 871, declared:

"United States v. Addyston Pipe & Steel Co. (C.C.A.) 85 F. 271, 46 L.R.A. 121, Judge Taft, who wrote the opinion, on page 281, says: 'For the reasons given, then, covenants in partial restraint of trade are generally upheld as valid when they are agreements (1) by the seller of property or business not to compete with the buyer in such a way as to derogate from the value of the property or business sold; (2) by a retiring partner not to compete with the firm; (3) by a partner pending the partnership not to do anything to interfere, by competition or otherwise, with the business of the firm; (4) by the buyer of property not to use the same in competition with the business retained by the seller; and (5) by an assistant, servant, or agent not to compete with his master or employer after the expiration of his time of service.'

"The contract in the instant case comes squarely under the fifth and last class, namely, 'by an assistant, servant, or agent not to compete with his master or employer after the expiration of his time of service,' and, as this class is not included in either exception to the statute in this state, the order sustaining the demurrer must be affirmed."

And, that the restraint herein would be void under the California statutes was held in Davis v. Jointless Fire Brick Co. (C.C.A. Ninth Cir.) 300 Fed. 1, as follows:

"Under Civ. Code Cal. sec. 1673, providing that 'every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, . . . is to that extent void,' a provision of a contract of agency by which the agent convenanted not to engage in the sale of any product competing with that of his principal within two years after termination of the contract is not enforceable."

The holding of the South Dakota court is to like effect in Prescott v. Bidwell, 99 N. W. 93.

We are in accord with the holdings of the California and North Dakota courts as to the effect of the statutes upon the common law rules. From this it must follow that since the restraint herein comes within neither of the exceptions recognized in sections 218 and 219, it is void and unenforceable if same is inhibited by section 217. And that the restraint is within the purview of section 217 is clear and not questioned.

The trial court did not err in sustaining the demurrer and the judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.