Charles Edward NEAL, James Chowning Henderson and Robert W. Nordyke, Plaintiffs in Error,

v.

PENNSYLVANIA LIFE INSURANCE COMPANY, a Corporation, Defendant in Error.

No. 42390.

Supreme Court of Oklahoma.
Jan. 20, 1970.

Robert H. Vaughn, Floyd L. Martin, Jr., Oklahoma City, for plaintiffs in error.

Bruno H. Miller, Oklahoma City, for defendant in error.

HODGES, Justice.

In the action below plaintiffs sought damages for an abuse of legal process arising from an attempt to enforce the provisions of an illegal and void contract. The trial court sustained a demurrer to the evidence and plaintiffs appeal.

Plaintiffs were former employees of the defendant under a contract of employment which provided in pertinent part as follows:

"After the termination of the Agreement, Supervisor agrees for the period of one year from the date of such termination he will not, in the territory where Supervisor represented Company, directly or indirectly, represent or be connected with any other health and accident or life insurance company engaged in business competitive to that of the company."

After several months of employment the plaintiffs terminated their employment with the defendant and entered into the employment of another insurance company that was competitive with the defendant. Thereafter, defendant instituted an action in the district court against the plaintiffs seeking judgment which would restrain and enjoin the plaintiffs from engaging in the business of soliciting and selling insurance in the territory where defendant was operating. Upon filing of this action, pursuant to a request by defendant, the trial court issued an ex parte order against the plaintiffs which restrained and enjoined the plaintiffs:

"from carrying on, soliciting and engaging in the business of selling policies of sickness and accident, hospitalization and similar forms of insurance for the Paul Revere Life Insurance Company, a corporation, or any other company engaged in a similar and competitive business as the defendant company within the county."

The plaintiffs claim that by reason of the restraining order they were for a period of two weeks prevented from earning a livelihood, they sought damages for their loss of earnings and for legal expenses incurred in defending themselves in the injunction suit.

The trial court sustained a demurrer to the evidence upon two points: (1) That plaintiffs' action arose out of an illegal contract in which both parties were in pari delicto. (2) The evidence failed to prove any absolute damages.

We find the above quoted provision in the contract of employment between plaintiffs and defendant is illegal and void. Title 15 O.S. § 217, provides that "every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void." The two exceptions which involve the sale of the good-will of a business or arise out of the dissolution of a partnership are not applicable here. In the present case, the employment contract restrains the plaintiffs from pursuing a lawful profession within a certain area for a period of one year. This restriction is a violation of the statute and is unenforceable and to that extent void. E. S. Miller Laboratories v. Griffin, 200 Okl. 398, 194 P.2d 877, 3 A.L.R.2d 519 (1948).

It is the defendant's position that if the contract is illegal and void then both plain-

tiffs and defendant are in pari delicto so that none of the parties could avail themselves of any benefits of the contract. They argue that plaintiffs in seeking damages are attempting to profit or receive a benefit that arises out of an illegal and void contract, which under the pari delicto doctrine is unenforceable. We disagree.

■ The pari delicto doctrine has no application in the present case. This doctrine rests upon the well-established rule that the courts will not enforce an invalid contract and that no party can recover in any action where it is necessary for him to prove an illegal contract in order to make out his case. Holden v. Lynn, 30 Okl. 663, 120 P. 246, 38 L.R.A.,N.S., 239. In the present case it was not necessary for plaintiffs to either allege an illegal contract in their petition or prove its existence at trial in order to recover damages for an abuse of legal process. The illegal contract is merely incidental, and is not necessary to plaintiffs' cause of action.

■ The plaintiffs are not enforcing any provisions of the illegal contract. Their cause of action is based on an illegal and wrongful restraint against their pursuing a lawful profession. Their action would still exist even if there had been no contract between them. The gravamen of the action is the illegal service of process, not the illegal contract. The damages that plaintiffs are attempting to recover are not profits or benefits arising out of the illegal contract, but damages to compensate them for an injury caused by the tortious act of the defendant.

■ Next, defendant asserts that no actual damages were proved by the plaintiffs. Defendant insists that even though the injunction order prevented the plaintiffs from working they suffered no economic loss because their new employer paid them $150.00 each week during this period. We do not agree. Although plaintiffs were paid $150.00 per week during this period of restraint, these payments were only a draw on their accumulated commissions or commissions to be earned in the future. Plaintiffs' general agent testified:

"Q. Mr. Tate, just this additional word, then along that line, but beginning with the fifth week, that $150.00 you paid was actually charged against their commission accounts so it was their own money that you were paying them, was it not?

"A. That is right."

■ Also proper as an item of damage was the attorney fees that plaintiffs incurred in defending themselves in the suit from which the abuse of process arose. Reasonable attorney fees and cost incurred in procuring the dissolution of the restraining order, which was wrongfully issued is recoverable as an element of damages. 72 C.J.S. Process, § 124 p. 1203; Central Oil & Drilling Co. v. Wilson, 191 Okl. 91, 127 P.2d 162.

■ A brief discussion of the next point may be helpful inasmuch as the case is being remanded for a new trial. Plaintiffs seek to recover treble damages as provided in Title 79 O.S. § 25. The statute has no application in the present case and should not be considered on retrial. This Section and Section 1, of the act which plaintiffs attempt to invoke have reference to trusts, pools, monopolies or combinations "which by their method or arrangement of doing business restricts the needs of the public to the point where the public is exposed to the evils sought to be prohibited", and thereby causes injury to third persons or entities in their business or property. Rance v. Sperry and Hutchinson Co., Okl., 410 P.2d 859. Plaintiffs are not third persons or entities contemplated by the act.

Judgment reversed and remanded.

IRWIN, C. J., and JACKSON, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.