**Charles Edward NEIL, James Chowning Henderson and Robert W. Nordyke, Plaintiffs in Error,**

v.

**PENNSYLVANIA LIFE INSURANCE COMPANY, a corporation, Defendant in Error.**

No. 42390.

Supreme Court of Oklahoma.

Sept. 22, 1970.

Robert H. Vaughn and Floyd L. Martin, Jr., Oklahoma City, for plaintiffs in error.

Bruno H. Miller, and Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for defendant in error.

JACKSON, Justice:

Plaintiffs Neil, Henderson, and Nordyke are former insurance agents or "super-visors" in Oklahoma of Pennsylvania Life Insurance Company, defendant. They quit working for the defendant and obtained employment as insurance agents for The Paul Revere Life Insurance Company. Pennsylvania Life Insurance Company filed an injunction suit against Neil, Henderson and Nordyke to prevent them from soliciting insurance contracts for The Paul Revere Company which was allegedly in competition with Pennsylvania Life. The contracts between Pennsylvania Life and Neil, Henderson, and Nordyke provided that these agents would not directly or indirectly represent or be connected with any other health and accident or life insurance company engaged in business competitive to Pennsylvania Life for a period of one year following the termination of their services with Pennsylvania Life in the territory where these agents represented Pennsylvania Life.

The instant action, a damage suit, was filed because the District Court of Oklahoma County issued (what Plaintiffs call) a Temporary Restraining Order effective for two weeks pending a hearing upon the petition for injunction. These agents, as defendants in that case and plaintiffs herein, were restrained from soliciting and selling policies of sickness and accident, hospitalization and similar forms of insurance for Paul Revere, or any other company engaged in a similar and competitive business with Pennsylvania Life. The Temporary Restraining Order expired by its own terms at the end of the two weeks period, the injunction suit was not tried, but was dismissed after one year following the termination of their employment with Pennsylvania Life.

After plaintiffs had presented evidence in support of their action for damages the trial court sustained a demurrer to their evidence upon the following grounds as announced from the bench.

"All right, Gentlemen, I am going to sustain the demurrer on two grounds. Number one, that it arises out of an illegal contract and that the parties hereto

both, or all parties entered into that contract so therefore they cannot avail themselves of any benefits. They are Pari Delicto as far as both parties are concerned, they both entered into it. Number Two, I am going to sustain his demurrer, a general demurrer on the grounds that nowhere have you set out and have you given this Court any basis for determining any absolute damages these gentlemen suffered."

The journal entry sustaining Pennsylvania Life's demurrer to plaintiffs' evidence substantially conforms to the Judge's pronouncement from the bench, but added:

"That said actions (the instant case) were brought under or in conjunction with certain employment contracts executed by and between said parties, and which plaintiffs contend and have alleged are invalid and void as being in restraint of trade, and the same having been asserted by plaintiffs in their behalf, said plaintiffs are 'in pari delicto' with defendant in having entered into said allegedly invalid contracts and are therefore precluded from bringing an action for damages based thereon, or in conjunction therewith, whereby it becomes necessary to prove such invalid contracts in order to maintain the action, and that said demurrer should further be sustained for that reason."

We find no merit in the conclusions that plaintiffs asserted their employment contracts with Pennsylvania Life in *their* behalf and that it became necessary for plaintiffs to prove such invalid contracts in order to maintain their action.

■ Plaintiffs' action is not based upon invalid contracts but is based upon damages sustained because defendant, Pennsylvania Life, caused the temporary restraining order to be issued. Plaintiffs' reference to their agency contracts with Pennsylvania Life in their petition was not for the purpose of obtaining relief under the contracts but for the purpose of explaining why the temporary restraining order was improperly issued. It is the defendant in this case

which is attempting to utilize the unlawful contracts to justify the restraining order and as a shield against the damages allegedly sustained by plaintiffs. In Hunt v. W. T. Rawleigh Medical Co., 71 Okl. 193, 176 P. 410, we said this court will refuse to render assistance to *any* party in any stage of the proceedings in which such illegality appears. See also Holden v. Lynn, 30 Okl. 663, 120 P. 246; Thomas v. Owens, 206 Okl. 50, 241 P.2d 1114, and 17 C.J.S. Contracts § 276.

■ The contract restraint upon the plaintiffs from engaging in their business for a period of one year was void. 15 O.S. 1961, Sec. 217, E. S. Miller Laboratories v. Griffin, 200 Okl. 398, 194 P.2d 877, 3 A.L.R.2d 519.

■ We find no merit in the pari delicto theory. We are supported in this view by another principle of law to the effect that where the law that creates the illegality in the transaction was designed for the coercion of one party and the protection of the other, there is no parity of delictum between the parties, and the one protected by the law may resort to the law for redress. Local Federal Savings & Loan Ass'n of Oklahoma City v. Sheets, 191 Okl. 439, 130 P.2d 825; Turney v. J. H. Tillman Co., 112 Or. 122, 228 P. 933; 17 C.J.S. Contracts § 278b. The statute under consideration in this case, 15 O.S.1961, Sec. 217 provides:

"Every contract by which one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided in the next two sections, is to that extent void."

Undoubtedly this section of the statute was adopted for the protection of individuals engaged in lawful professions, trades, and business, and for the benefit of the public.

The facts in this case are not the same as in Tatum v. Colonial Life and Accident Ins. Co. of America (1970), Okl., 465 P.2d 448. In that case the contract required a "handsoff" policy with respect to those whom the agent knew were "insureds" of the plaintiff company under outstanding

group policies. The contract in that case required the agent to refrain from inducing, or attempting to induce known insureds of the plaintiff to cancel, lapse, or fail to renew their policies with the plaintiff company. We found the provisions of that contract were not in violation of 15 O.S. 1961, Sec. 217.

The second ground for sustaining the demurrer to plaintiffs' evidence is that the evidence did not give the court any basis for determining any absolute damages suffered by plaintiffs.

■■ There is evidence that plaintiffs sold some insurance for The Paul Revere Life Insurance Company and earned commissions both before and after the temporary restraining order was issued. It does not appear from the record that either of them was earning $150.00 per week as they contend, nor what their expenses, if any, would have been if they had been working. We have held that it is proper to determine the reasonable probable loss where it clearly appears that a loss of profits has been suffered. Firestone Tire & Rubber Co. v. Sheets, 178 Okl. 191, 62 P.2d 91; Muskogee Electric Traction Co. v. Eaton, 49 Okl. 344, 152 P. 1109; and see discussion and cases cited as to Certainty of Damages in 6 Okl. Law Rev. page 301. We hold that the trial court erred in sustaining defendant's demurrers to the evidence presented by plaintiffs.

Since the case must be remanded for new trial we feel that it may be helpful if we refer to several questions which have not been fully briefed.

Plaintiffs pray for reasonable attorney fees. In this connection the order of restraint purports to be a temporary restraining order, and plaintiffs recognize it as such. No bond was required by the court, or filed. In Ex parte Grimes, 20 Okl. 446, 94 P. 668, and in Offutt v. Wagoner, 30 Okl. 458, 120 P. 1018, this court held that no bond is, by statute (12 O.S. 1961, Sec. 1384), required on the issuance of a temporary restraining order, but that it is the better practice to require one. In

Chicago, R. I. & P. Ry. Co. v. Cimarron Tp., 68 Okl. 7, 170 P. 909, and in Callaway v. Sparks, 184 Okl. 569, 89 P.2d 275, we held in effect that attorney fees are not recoverable in an action for damages resulting from the wrongful issuance of a temporary restraining order unless a bond has been executed which so provides. Our attention is invited to Central Oil & Drilling Co. v. Wilson, 191 Okl. 91, 127 P.2d 162, and Prager's Paris Fashion v. Seidenbach, 113 Okl. 271, 242 P. 260. The Central Oil case was an action for damages allegedly resulting from a wrongful attachment. The Seidenbach case was an *action upon a bond* for damages allegedly resulting from the wrongful issuance of a temporary restraining order or a temporary injunction. The bond provided for attorney fees in case the injunction was wrongfully issued. We do not believe either of these cases is decisive, where as here, no bond was required or filed.

Plaintiffs seek to recover treble damages as provided in 79 O.S.1961, Sec. 25. It seems doubtful that 79 O.S.1961, Secs. 1 et seq., are applicable in this case. Thomas v. Belcher, 184 Okl. 410, 87 P.2d 1084; Rance v. Sperry and Hutchinson Co., Okl., 410 P.2d 859.

From the inception of this case the parties have treated the order of restraint as a "Temporary Restraining Order." In Jennings v. Elliott, 186 Okl. 285, 97 P.2d 67, and in Robertson v. Coy, 146 Okl. 155, 293 P. 1105, we said that a "restraining order" is merely an order intended to preserve the status of matters in litigation concerning which it is directed pending application for temporary injunction.

In 42 Am.Jur.2d, Injunctions, § 10, it is said:

"A temporary restraining order, while in effect a species of injunction, is in some respects to be distinguished therefrom. The purpose of such an order is to restrain the defendant for what should be a very brief period, pending a hearing on the application for a temporary injunction, and it goes no further than to

preserve the status quo until that determination, the status quo being the last actual, peaceable, noncontested status which preceded the pending controversy."

In 42 Am.Jur.2d, Injunctions, § 14, in distinguishing temporary restraining orders and temporary injunctions, it is said:

"* * * So, an order restraining a defendant until the final determination of an action is to be deemed a temporary injunction, rather than a mere restraining order. * * * On the other hand, an injunctional order which does not contemplate a hearing as to whether a temporary injunction shall be allowed is of itself a temporary injunction, rather than a restraining order."

In the instant case the order signed by the trial judge was designated "TEMPORARY RESTRAINING ORDER." The order was dated June 3 and the 3rd paragraph thereof ordered plaintiffs herein (defendants therein) restrained and enjoined until June 17th from selling insurance for Paul Revere and other companies in competition with Pennsylvania Life. The next paragraph of the Order ordered plaintiffs' application for a *permanent injunction* set for hearing on June 17 and ordered that notice of the hearing be given 5 days prior to the date of hearing. No hearing was ordered or sought for a temporary injunction. This poses the question of whether the order was actually a temporary injunction, without bond, rather than a temporary restraining order, without bond. If under such procedure the order, under the law, was a temporary injunction issued under the authority of 12 O.S.1961, Sec. 1382, rather than a temporary restraint under 12 O.S.1961, Sec. 1384, then the order was of no legal force or effect without a bond as required by 12 O.S. 1961, Sec. 1392. Walbridge-Aldinger Co. v. City of Tulsa, 107 Okl. 259, 233 P. 171. Offutt v. Wagoner, 30 Okl. 458, 120 P. 1018, supra. Whether under these circumstances plaintiffs would nevertheless be entitled to damages, and possibly attorney fees, we do not determine in this decision.

Plaintiffs presented their case to the trial court for damages "for abuse of process" as distinguished from a "malicious use of process." It is briefed by plaintiffs on the same theory. We doubt that this is a case of abuse of process. In 1 Am.Jur.2d, Abuse of Process, § 1, it is said:

"Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained."

In § 2 of the same title in distinguishing "Abuse of Process" from "malacious use of process" it is said:

"* * * Thus it is said in substance that the distinction between the two is that malicious use of process is the employment of process for its ostensible purpose, but without reasonable or probable cause, whereas the malicious abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect." (Spencer v. Arnold, 152 Okl. 189, 4 P.2d 55, presents an example of abuse of process)

In cases of malicious use of process it is said that malice and want of probable cause in procuring issuance of the process are essential to the maintenance of an action for damages. 1 Am.Jur.2d, Abuse of Process, § 2. Some courts have held that in abuse of process cases an ulterior motive may be inferred from the fact that the process has been misused or misapplied. See also 72 C.J.S. Process § 120.

In the instant case plaintiffs made no effort to prove malice in the procurement of the temporary restraining order, and no case is cited as holding that malice may be

inferred in the procurement of such an order.

For the reasons assigned herein the judgment is reversed and the cause is remanded to the trial court for a new trial.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD and McINERNEY, JJ., concur.

HODGES, J., concurs in part and dissents in part.

BERRY, V. C. J., dissents.