BING GEE, Adm'r, etc., *v.* AH JIM and others.

*(Circuit Court, D. Oregon.   March 18, 1881.)*

1. SURETIES IN AN UNDERTAKING FOR AN ATTACHMENT—LIABILITY OF.
    The sureties in an undertaking for an attachment under the Oregon Civil Code, § 144, in case the plaintiff fails to obtain judgment in the action, are liable to the defendant for all the costs and disbursements that may be adjudged to him, whether the latter are made in the action or upon the attachment.

*John M. Gearin* and *Byron C. Bellinger,* for plaintiff.

*John H. Woodward & Charles H. Woodward,* for defendants.

DEADY, D. J.   This action was commenced in the circuit court for the county of Multnomah. The defendants appeared and caused it to be removed to this court. It is brought upon the undertaking of the defendants for an attachment given in the action of *Ah Jim* v. *Ah Kow,* then pending in the circuit court for the county of Clatsop, in November, 1879. The complaint alleges that in pursuance of said undertaking, and the affidavit of Ah Jim, a writ of attachment was issued in said action, upon which the prop-

erty of Ah Kow was attached, at Astoria, consisting of five houses and a store in which he was then engaged in business as a Chinese merchant, whereby he was put to great expense and trouble, and his credit as a merchant injured to his damage $214; that on January 7, 1880, Ah Kow died, and the plaintiff herein, as the executor of his last will, was made defendant in said action, in which, on February 3, 1880, the defendant obtained a judgment against Ah Jim for the sum of $189.65, for costs and disbursements therein, and that execution thereon, against the property of Ah Jim, has been returned wholly unsatisfied; that in the defence of said action the plaintiff herein was put to expense, in the employment of interpreters and attorneys, to his damage, $375; and that said action was malicious and without probable cause. The allegations concerning the injury to the credit of the plaintiff's testator, and the expense incurred in the employment of attorneys, were on motion of the defendants stricken out of the complaint as immaterial. The defendants then pleaded in abatement of the action that an appeal had been taken from the judgment of the Clatsop county court against Ah Jim, for costs and disbursements, to the supreme court, which was still pending; which plea, on the motion of the plaintiff, was stricken out as immaterial, it not appearing therefrom that any undertaking had been given on such appeal to stay the proceedings and the judgment. The defendants then answered, denying the allegations of the complaint except as to the judgment for costs; and as to that, that it was for not more than $109.25, and the right of the plaintiff to sue as executor.

The cause was submitted to the court for trial without the intervention of a jury, and it found that the attachment was sued out and levied as alleged, and that it was wrongful; that the plaintiff's testator was injured thereby in the sum of $75; and also that the plaintiff herein obtained judgment in said action against the defendant herein, Ah Jim, for his costs and disbursements, taxed at $144.25, and $2.45 accruing expense on the execution.

The defendants contend that, as the attachment was only

ancillary to the action, they are not liable at all for costs, and only for such expenses as were incurred on account of the attachment. On the contrary, the plaintiff insists that under the statute he is entitled to recover the costs and disbursements adjudged to him in the former action, whether on account of the action itself or the attachment therein. In support of his position, counsel for defendants cites *Norton* v. *Cammach,* 10 La. An. 10, in which it was held that a surety on a sequestration bond is only liable for such expenses as are incident to the sequestration and release; and *White* v. *Wyley,* 17 Ala. 167, cited in Drake on Attachments, § 176, to the same effect. But the statutes under which these rulings were made are not given. I suppose they are similar to those in many of the states in which the liability of the obligors in a bond or undertaking for an attachment for both costs and damages depends alike upon the fact that they are the result of the attachment; and where that is merely ancillary, of course it does not include such as are simply the result of the action. But such is not the language of the statute of this state. Section 144 of the Oregon Civil Code provides that the plaintiff in an action, before procuring a writ of attachment to issue, shall give an undertaking, with one or more sureties, "to the effect that the plaintiff will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment, if the same be wrongful and without sufficient cause, not exceeding the sum specified in the undertaking." "Costs," as used in this section, only includes an allowance for attorney fees; but a party entitled to "costs" is also entitled to disbursements. Or. Civ. Code, §§ 538–43. No provision is made in the Code for an allowance of costs upon an attachment as distinguished from the action in which the writ issues, nor can disbursements be allowed or recovered except by a party entitled to costs. Neither is there any provision authorizing the taxation and recovery of disbursements upon an attachment before, or otherwise, than upon the final judgment in the action, and therefore if the attachment should be discharged, upon the application of

the defendant, as being wrongful, as provided in section 159, and the plaintiff should also obtain judgment in the action, the defendant could not recover the expenses incurred on the attachment otherwise than by an action on the undertaking as a part of the damages sustained by reason of the attachment. But when, as in this case, the plaintiff in the action fails to obtain judgment, and the attachment also fails, and is *prima facie* wrongful, the defendant, being entitled to judgment for costs and disbursements in the action, may include therein the disbursements made on account of the attachment, unless objection is made to the taxation, when the wrongfulness of the attachment may be controverted by the plaintiff by showing that, notwithstanding the failure to obtain judgment, there was good ground for issuing the attachment, and the court will pass upon the question and allow or disallow the taxation of these disbursements accordingly. Drake on Attachments, § 170.

With this brief reference to the provisions of the Code bearing on the subject, and their operation, we will consider the effect of section 144, *supra*, as applied to this case. The supreme court of the state has not passed upon the question, and this court, for the present, must decide it for itself. Counsel for the defendants contend that the parties to the undertaking are not bound to pay "all costs that may be adjudged to the defendant" in the action generally, but only such as are so adjudged by reason of the attachment; while the argument of the plaintiff is that the statute expressly gives the right to recover all costs adjudged when the plaintiff fails in the action, thereby making the undertaking in such case a security for costs. In my judgment the parties to the undertaking incur two distinct obligations—(1) To pay all costs and disbursements that may be adjudged to the defendant—not including all disbursements which he may incur by reason of the attachment or action, but only such as the court in which the action is tried shall determine he is entitled to; and (2) to pay all damages that the defendant may sustain by reason of the attachment, if the same be wrongful, and this includes expenses incurred by reason of a

wrongful attachment, even where the plaintiff prevails in the action. Of course this conclusion makes the undertaking for an attachment a security for costs in the action where the plaintiff fails to obtain judgment therein, but it is not apparent why this result ought to prevent the court from giving the statute effect according to its language and probable purpose. Indeed, this provision may be considered as a wholesome restraint upon the proceeding by attachment in aid of a doubtful claim.

The New York Code, § 230, provides that the undertaking for an attachment should be to the effect "that if the defendant recover judgment, or the attachment be set aside by the order of the court, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment." In other words, if the plaintiff fail in his action the parties to the undertaking must pay the costs thereof. The statute of Tennessee is also similar in this particular to that of Oregon, but I have not found any decision under either it or the New York one on this question. It provides that the sureties shall satisfy "all costs which shall be awarded to the defendant in case the plaintiff shall be cast in his suit, and also all damages which shall be recovered against the plaintiff * * * for wrongfully suing out the attachment." Drake on Attachments, § 170.

The plaintiff in this action is entitled to recover the sum of $146.70, the costs and disbursements adjudged to him in the former action, and also the sum of $75, the damages sustained by his testator by reason of the attachment in said action,—in all, $221.70,—and there will be findings accordingly.