Mary A. Fenn et al., Appellants, *v.* M. D. Lewis, Respondent.

### June 14, 1881.

Where the charter of a mutual benefit association provides for the payment to the member's family, or appointee, of a certain sum upon the member's death, and that "in case no direction is made by a brother, the same shall be paid to the person or persons entitled thereto;" upon the death of a member, without having named a beneficiary, the benefits are payable to the wife and children, and not to the administrator, of the deceased member.

Appeal from the St. Louis Circuit Court, Thayer, J. *Reversed and remanded.*

G. A. Castleman, for the appellants, cited: *Expressman's Aid Society* v. *Lewis*, 9 Mo. App. 412; *Durian* v. *Central Virun*, 7 Daly, 173; *Hodge's Appeal*, 12 Ch. Leg. N. 421; *Benevolent Society* v. *Boosh*, 14 Reporter, 165.

C. A. Davis and John A. Harrison, for the respondent, cited: *Gambs* v. *Insurance Co.*, 50 Mo. 44; *Expressman's Aid Society* v. *Lewis*, 9 Mo. App. 412.

Bakewell, J., delivered the opinion of the court.
The petition sets out substantially the following facts: The

plaintiffs are the widow and only child of Ingram Fenn, who died in September, 1878. At the time of his death, Fenn was a member of an association known as the Knights of Honor, and of Oak Lodge, No. 100, of that association. This association is declared in its charter and constitution to have for its object " to promote benevolence and charity by establishing a widows' and orphans' benefit fund, from which, on satisfactory evidence of the death of a member of the corporation who has complied with its lawful requirements, a sum, not exceeding $5,000, shall be paid to his family, or as he may direct; to provide for creating a fund for the relief of sick and distressed members ; and to ameliorate the condition of humanity in every possible manner." Fenn died in good standing with his lodge, a fullrate member, having complied with all requirements of the association. By the constitution of Oak Lodge, No. 100, the sum of $3,000 is to be paid on the death of every fullrate member thereof; and the constitution provides, that " any brother may cause to be entered upon the reporter's record-book a direction to whom his benefits shall be paid, and he shall pay for such entry a fee of not less than twenty-five cents. He may, at any time, cause said entry to be changed upon paying a like fee ; or he may have a benefit certificate issued to him upon paying the fee prescribed by the Supreme Lodge. All such entries shall be made by the personal direction of the brother. In case no direction is made by a brother, either by will, entry, or a benefit certificate, the same to be paid to the person or persons entitled thereto." Fenn did not cause to be entered in the reporter's record-book a direction to whom his benefits should be paid, and did not have a benefit certificate issued to him, or issued at all, by the Lodge. He gave no directions in any manner as to whom his benefits should be paid to. Plaintiffs are the only family of Fenn. The benefits payable by Oak Lodge upon the death of Fenn amount to $3,000. There is no further or other provision in the

charter or constitution touching the matter to whom the benefits are to be paid, and no other contract than that arising from the facts set forth.

On October 29, 1878, Oak Lodge, No. 100, caused to be drawn by the supreme dictator and supreme reporter of the Supreme Lodge, Knights of Honor, on the supreme treasurer, "a draft for the payment out of the widows' and orphans' benefit fund of said organization, to the order of the trustees of Oak Lodge, No. 100, to pay to the legal heirs of Ingram Fenn, deceased, three thousand dollars on the death of said Ingram Fenn, a member of said Oak Lodge, No. 100, as per the directions of said deceased brother," meaning Ingram Fenn. This draft was indorsed and delivered by the said trustees to defendant, who converted the same to his own use, and collected the same on presenting it to the supreme treasurer. Lewis is the administrator of Fenn, and claims to hold the proceeds of this draft in that capacity. Judgment is prayed for $3,000 and interest.

, Defendant demurred, on the ground that the petition did not set forth facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiffs declining further to plead, there was judgment.

. The allegations must be taken to be true. It therefore appears that the object of the association of which deceased was a member was declared by its charter to be to establish a fund from which, on the death of a member in good standing, a sum not exceeding $5,000 shall be paid to his family, or as he may direct; that is, that it shall be paid, in the absence of any contrary direction, to the family of the deceased member. By the constitution of the subordinate lodge of which deceased died in good standing a full-rate member, $3,000 is to be paid, in case no direction is made by the member during life, on the death of any full-rate member, to the person entitled thereto. It does not seem to have been contemplated that the fund should

be paid to the administrator of the deceased, and made liable for his debts. The family of the deceased in the present case seem to be the persons entitled; and there can be no doubt, under the allegation of the petition, that the plaintiffs are the family of the deceased, according to the meaning of the charter.

Where the by-laws of a passenger conductor's life insurance company provided that the fund due at the death of a member might be disposed of by will, otherwise it should be paid to his widow, or, if there was no widow, to the heirs and legal representatives of the deceased, it was held that the next of kin was entitled; that the fund was no part of decedent's estate, and that his administrator had no right to it. *Hodge's Appeal*, 12 Ch. Leg. N. 421. In that case, as in this, the association was shown by its charter to be a mutual benefit company, whose benefits (except so far as the right of disposal may be considered a benefit) were to be realized, not by the members personally, but by their appointees. But, if the member desired that the fund should be received after his death by his family, it was unnecessary, in that case, as in this, that any express appointment should be made by the member; for the constitution and by-laws, in the Pennsylvania case, and the constitution, in this case, provided that the money should go to them. We do not see how the rights of the widow and child in the present case could have been any more clearly established if the member had formally directed that the money should be paid to them. He must have died relying on the charter provisions that in the case of no appointment the money should be paid to his family. In the absence of any other or further provision in the constitution or by-laws of the association, the terms of the contract between the deceased and the association seem to have been, that the naming of no other appointee was, in effect, a choice of his family as appointees. The intent of the association and of the deceased seems to be plain enough,

and we can see no reason why the intent should not govern in this as in any other case of contract.

It is conceded by counsel for respondent that the drawing, delivery, and collection of the draft spoken of in the petition cannot at all affect the rights of the parties.

We think that the petition sets forth a cause of action. The judgment will be reversed and the cause remanded. All the judges concur.