## FIRST NAT. BANK Of TALOGA v. SALISBURY.

No. 18849. Opinion Filed Jan. 7, 1930.

Rehearing Denied Nov. 11, 1930.

Meachem & Meachem and W. P. Hickok, for plaintiff in error.

A. J. Welch, for defendant in error.

HERR, C. This is an action originally brought in the district court of Dewey county by J. G. Salisbury against the First National Bank of Taloga to recover damages for wrongful and malicious attachment.

The case was tried to a jury resulting in a verdict in favor of plaintiff for the sum of $1,425 actual damages, and $3,500 exemplary damages. The trial court, on motion for a new trial, required a remittitur of $975.45 as to actual damages, and entered judgment against defendant for the sum of $449.55 actual damages, and $3,500 exemplary damages. Defendant appeals.

It is first contended by defendant that plaintiff's cause of action is barred by the statute of limitation. It appears that on December 16, 1918, the bank, defendant herein, brought an action against Salisbury, plaintiff herein, to recover on a promissory note in the sum of $8,360, and joined therewith an action in replevin to recover possession of certain chattels consisting mainly of live stock given to secure the note. While this suit was pending, the bank sold the mortgaged property, and, after deducting expenses, credited plaintiff's note with the net proceeds thereof amounting to $4,401.75. The bank then caused an attachment to issue and levied the same on certain real estate belonging to plaintiff. Shortly thereafter, an answer and counterclaim was filed in said action by the plaintiff herein, in which he sought to recover damages as in conversion for the wrongful sale of the property, he contending that said property was at said time in the custody of the law and could not legally have been sold under the mortgage until final judgment was had in the action, and prayed that he be allowed the actual value of the property and other damages as an offset to the note. The trial resulted in a judgment in favor of the bank. The bank, however, took only a personal judgment against the plaintiff herein in said action; no judgment was taken sustaining the attachment, nor was there included therein an order for the sale of the attached property. This judgment was rendered November 11, 1920. Thereafter, on appeal, this court reversed the same and remanded the cause for a new trial. Upon retrial, judgment went in favor of Salisbury, plaintiff herein, for the sum of $405 on his counterclaim.

Defendant's contention is that, having taken only a money judgment against plaintiff in the original action without reference to the attachment, it thereby abandoned the attachment, and that the plaintiff's cause of action then accrued, and was, therefore, barred at the time of the institution of this suit. We cannot agree with this contention. Plaintiff is not basing his cause of action on the theory that the attachment was wrongful for the reason that no statutory grounds existed therefor, but upon the ground that no debt existed. His cause of action did not, therefore, accrue until it was finally adjudicated that plaintiff was not indebted to defendant at the time of the levy of the attachment. Plaintiff's cause of action is not barred.

It is next contended that the evidence is insufficient to sustain the judgment for actual damages. Without entering into a discussion of this proposition, we hold, after a careful examination of the record, that the evidence is sufficient to sustain the judgment in this respect.

It is next contended that there is no basis in the evidence for the allowance of exemplary damages. With this contention we agree. It is undisputed that the attachment was sued out on the advice of competent and reputable counsel who were familiar with and knew all the facts connected with the transaction. The sale of the property taken under the replevin writ was made under advice of counsel; the proceeds were credited on the note and the attachment then sued out and levied on the property in question under such advice. This, under the record, is a complete defense against the allowance of exemplary damages.

The case of Jones Leather Co. v. Woody, 67 Okla. 184, 169 Pac. 878, holds:

"In a civil action for damages for wrongful attachment, where defendant relies upon the advice of counsel as a defense, the disclosure to counsel required of him before acting upon such advice is not a disclosure of all the facts discoverable, but all the facts within his knowledge. If he knows facts enough, either personally or by credible information, which when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, result in advice which is honestly followed in commencing an attachment proceeding, that is sufficient.

"In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause, and where the evidence shows that the prosecutor laid all the facts before competent counsel, and acted in good faith upon the advice given, he is exonerated from all liability for exemplary damages, and where the evidence fails to show malice in instituting the proceedings, and the absence of probable cause, it becomes the duty of the court, and it should upon request, direct a verdict for defendant.

"In such an action, proof of the dissolution of the attachment does not show malice, or the want of probable cause for commencing the attachment proceedings."

Under the holding in this case, the court was in error in submitting the question of exemplary damages to the jury.

Defendant assigns as error the refusal of the court to give requested instructions Nos. 1, 2, and 3. Number 1 relates to the allowance of attorney fees and other items of expenses as damages. This request was embodied in the general charge given by the court. There was, therefore, no error in refusing the same. Requested instruction No. 3 is as follows:

"You are further instructed that expenses and attorney fees incurred by the plaintiff in appealing the former cause, No. 1409, in this court, to the Supreme Court of the state, are not recoverable in this action unless you further find that such expenses or attorney fees were expended in an appeal from the attachment proper in said former cause."

Request No. 2 is of the same nature. These requests are based on the theory that attorney fees for defending the main action cannot be recovered in an action for wrongful attachment. This rule does not apply where the action is based on the ground of nonexistence of a debt against the alleged attachment debtor, as, in such case, it is necessary to defend the entire action in which the attachment was issued in order to establish the wrongfulness thereof. Whitney v. Brownewell (Iowa) 32 N. W. 285; Gee v. Ah Jim, 7 Fed. 811; Tyng v. Amer. Surety Co. (N. Y.) 66 N. E. 668; State v. McHale, 16 Mo. App. 478.

In the case of Prager's Paris Fashion v. Seidenbach, 113 Okla. 271, 242 Pac. 260, this court holds:

"Where injunctive relief pending the determination of the action is the principal purpose of the action, and the ultimate relief sought is to make the temporary injunction permanent, then, upon its dissolution, attorneys' fees may be recovered in an action on the injunction bond as for the defense of the entire action."

See, also, Oklahoma Cotton Growers Ass'n v. Saylor, 134 Okla. 55, 272 Pac. 855.

There was no error in refusing these instructions.

Exceptions have been taken to certain instructions given. These exceptions go to the question of exemplary damages. Having held that such damages cannot be recovered, it becomes unnecessary to pass upon these exceptions.

The other errors assigned are without merit.

Judgment should be affirmed as to the award of actual damages, and reversed as to the award of exemplary damages, with directions to vacate the same.

BENNETT, DIFFENDAFFER, JEFFREY, and HALL, Commissioners, concur.

SWINDALL, J., disqualified and not participating.

By the Court: It is so ordered.