CENTRAL OIL & DRILLING CO., Inc., v. WILSON.

No. 30358. June 23, 1942.

*127 P. 2d 162.*

Settle, Monnet & Clammer, of Tulsa, for plaintiff in error.

Jarman & Brown, of Oklahoma City, for defendant in error.

PER CURIAM. In 1936 the plaintiff in error instituted an action in debt against the defendant in error in the district court of Mayes county to recover the sum of $14,500, and on the ground of nonresidence of the defendant in

error caused approximately 1,800 acres of land which belonged to said defendant in error to be seized under writ of attachment. The defendant in error removed said cause to the United States District Court for the Northern District of Oklahoma, where he was successful in defeating the claim of the plaintiff in error and in obtaining a discharge of the attachment which had theretofore been levied. The aforesaid judgment became final, and thereupon defendant in error instituted the present action against plaintiff in error to recover damages alleged to have been sustained as the result of the wrongful attachment levied in the original action. The parties waived a jury and tried the cause to the court upon a partial stipulation and documentary and oral evidence. The court found the issues generally and specifically, with one exception, in favor of the defendant in error, and rendered judgment in his favor for the sum of $2,339.10. The aforesaid judgment included an allowance of an attorney fee of $1,885 and an allowance of $120 for loss of time incurred by the defendant in error in the defense of the action in which the attachment had been levied and in procuring a dissolution of such attachment. Motion for new trial was overruled, and this appeal followed.

Plaintiff in error contends that the amount allowed as attorney fee in the attachment action was excessive, and that the amount allowed defendant in error for the loss of time incurred in obtaining a dissolution of the attachment was wholly unauthorized. The first contention is based primarily upon the fact that the defendant in error filed a cross-petition in the attachment action wherein he sought to recover from the plaintiff in error the sum of $10,500, and that since defendant in error testified that the $1,885 which he had paid as attorney fee in said cause was in full of all services rendered by his attorney in that action, this of necessity precluded allowance of the entire amount as a part of the damages recoverable in the action at bar. The fallacy in the argument so adduced lies in the fact that the plaintiff in error does not take into consideration the nature of the proceeding in which the attachment was issued. As pointed out above, said action was one in debt and required a defense of the entire action as a prerequisite to a dissolution of attachment, since the existence of the debt was denied, and it was only on proof of this fact that the court dissolved and discharged the attachment which had been levied. It does not appear that the cross-petition which defendant in error filed in the attachment action served any purpose or accomplished anything, but was merely thrown in as an incident to the defense in that action. As said in First National Bank of Taloga v. Salisbury, 146 Okla. 6, 292 P. 1113:

"In an action for damages for wrongful attachment based on the ground of nonexistence of a debt at the time the attachment was levied, no cause of action accrues until the termination of the main action, and the statute of limitations does not begin to run against the action for damages until said time.

"In an action as stated in the above paragraph of the syllabus, attorney fees in the trial court, and in this court on appeal as for the defense of the entire action in which the attachment was sued out, are recoverable as an item of damages."

In the case at bar competent witnesses testified that a reasonable attorney fee for the defense of the entire action in which the attachment was levied would be between $2,000 and $2,500. Under the evidence so adduced and the rule announced in the above-cited case, we are of the opinion that the allowance by the trial court of the attorney fee in question was not error.

The contention of the plaintiff in error with reference to the allowance of $120 to defendant in error for loss of time in procuring the dissolution of attachment seeks to inject a new theory in the case, one which was not raised and presented in the trial court. It is well settled that such is not permissible. Sandlin v. Pharoah, 182 Okla. 442, 78 P. 2d 284. Such contention, if it were otherwise proper, would not be tenable. See Carter v.

Walker, 130 Okla. 284, 267 P. 259. No reversible error is presented.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.