Robert OVERHULS, Executor of the Estate of Patricia Cole Overhuls, Deceased, and Robert Overhuls, Individually, Appellants,

v.

T. C. ALEXANDER, M.D., Appellee.

No. 46584.

Court of Appeals of Oklahoma,
Division No. 1.

June 11, 1974.

Rehearing Denied July 2, 1974.

Certiorari Denied Nov. 26, 1974.

Released for Publication by Order of Court of Appeals Nov. 27, 1974.

Houston, Davidson, Jacoby, Main & Nelson by John E. Robertson, Tulsa, for appellants.

Best, Sharp, Thomas & Glass by Joseph M. Best, Joseph A. Sharp, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal from an order of the trial court sustaining special demurrer of appellee and dismissing appellant's cause of action as to appellee.

Appellant filed this action for wrongful death on September 1, 1972. In his petition, appellant alleged that the wrongful actions of the defendants, including the appellee, resulted in the death of appellant's wife on September 10, 1970. Although the petition was captioned and brought against appellee individually, appellant inadvertently directed the summons to him in a representative capacity "as Trustee of Okmulgee Memorial Hospital." This summons was personally served on appellee by the Sheriff on September 6, 1972. Appellee filed a motion to quash and plea to the jurisdiction on September 29, 1972. On February 28, 1973, the trial court sustained the motion to quash. Alias summons was issued on March 1, 1973, and personally served on the appellee the next day. On March 14, 1973, appellee challenged the alias summons with a motion to quash, which was overruled on March 28, 1973. The special demurrer of appellee to the petition of appellant was sustained by the trial court on April 25, 1973, and the cause of action dismissed as to the appellee. The basis of the special demurrer was that the action was not instituted within the limits of time prescribed by law for the commencement of such actions and was therefore barred.

It is conceded by both parties to this appeal that absent any actions by the appellant the statute of limitations would have run on the cause of action of the appellant between September 6, 1973 and September 29, 1973.

The first contention of appellant is that "under 12 O.S.1971, § 154.5, appellants had sixty (60) days after the ruling on appellee's motion to quash within which to serve alias summons on appellee." 12 O.S.1971, § 154.5 provides as follows:

"A new summons may be issued and served on the defendant after a court quashes the summons or its service *notwithstanding the fact that the time for commencing the action shall have expired* if the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service." (Emphasis added.)

The record reveals that the alias summons was served on appellee only two days after the initial summons was quashed. The statute relied upon by appellant has not been directly construed. It is, however, similar in effect to 12 O.S.1971, § 97 which has been interpreted as allowing subsequent attempts at proper service to be made although the time for such service extends beyond that time in which the statute allows for commencement of the action. Kile v. Cotner, 415 P.2d 961 (Okl. 1966).

It is the opinion of this court that 12 O. S.1971, § 154.5 was intended to provide for cases such as the instant case in which the ruling of the court on the validity of the initial summons is several months after the institution of the suit and after the statute of limitations has run. This statute gives the plaintiff an opportunity to issue another summons after finding out that the initial summons was defective, so long as service is obtained on the subsequent summons within sixty days of the date on which the earlier summons was quashed. This statute, 12 O.S.1971, § 154.5, means that "(a) new summons may be issued after the court quashes a prior summons although the statute of limitations has run before the court ruled on the motion to quash; but the new summons must be served on the defendant within sixty days after the date of the order quashing the prior summons or its service." Judicial Reforms, Fraser, 23 O.L.R. 1.

We therefore find that the order of the trial court should be reversed and the action of appellant as to appellee herein should be reinstated for further proceedings.

Reversed and remanded.

ROMANG and BAILEY, JJ., concur.