Dora F. LAWSON, Appellant,

v.

BOSTON CHRYSLER, PLYMOUTH AND DODGE, INC., a partnership composed of Joe Boston and Fred Boston; Boston Chrysler, Plymouth and Dodge, Inc., an Oklahoma Corporation; Joe Boston, an individual; and Fred Boston, an individual, Appellees.

No. 53386.

Supreme Court of Oklahoma.

March 10, 1981.

1. *Fowler v. Fowler*, 156 Conn. 569, 244 A.2d 375 (1968); *Chase v. Chase*, 74 Wash.2d 253, 444 P.2d 145 (1968).

Lucas & Cate by Lee Cate, Norman, for appellant.

D. C. Thomas and James Patterson, Oklahoma City, for appellees.

OPALA, Justice.

This appeal—which is laden with fatal postural and jurisdictional infirmities—must be dismissed.

The dispositive issue is whether the decision brought for review—which denies the plaintiff's (appellant's) motion to amend her petition by correcting a party's-defendant misnomer—is appealable under 12 O.S. 1971 §§ 952 or 953 or under 12 O.S.Supp. 1980 § 993. We are constrained to hold that the order under consideration can qualify neither as "final" nor as a reviewable interlocutory disposition.

This was an action for damages claimed to have been sustained while plaintiff was operating a dealer's loaned car. In the suit, commenced one day before the two-year statute of limitations had run, summons issued for service by mail to Fred Boston, individually and as president of Boston Chrysler, Plymouth and Dodge, Inc., and to Joe Boston, individually. Acting on separate motions and "*without prejudice to the issuance of alias summonses*", the trial court quashed all process served in the case except that which reached Fred Boston in his individual capacity.[1] In an answer to interrogatories propounded later, Fred Boston revealed the correct name of the corporate defendant intended to be sued was "Boston, Inc." rather than Boston Chrysler, Plymouth and Dodge, Inc., the designation used in the petition and in the quashed process. Plaintiff then sought to amend her petition by means of a motion for leave to correct the name of that corporate defendant. This appeal was brought from a denial of that motion.

The pre-judgment action of which plaintiff complains cannot be deemed reviewable. It does not fit into any category of

---

1. At this hearing defendant produced a certificate from the Secretary of State to show there was no record on file to support the existence of the named corporate defendant as a viable entity.

interlocutory orders appealable by right.[2] Nor may it be deemed final because it "precluded plaintiff from proceeding further"[3] or "prevented a judgment"[4].

When process issued to the misnamed defendant was quashed, the plaintiff had by force of law sixty days from that date to effect service on the properly identified defendant even though the limitation period had already run. 12 O.S. 1971 § 154.5.[5] *There is nothing* in statutory or case law which directs that a misnomer of a party-defendant must first be corrected with leave of court before new process is issuable. The order in suit constituted hence absolutely *no* barrier to the plaintiff's exercise of her unrestrained legal power to secure service on a properly-named defendant. In short, the judicial action complained of did not "prevent" her from proceeding further with issuance of process upon the correctly-named defendant intended to be sued.

A party's power to have alias summons issued free from judicial impairment is to be likened to one to amend a petition after a demurrer to it has been sustained. It is absolute, independent of the court's will and unabridgeable.[6] In the very same rubric belongs the plaintiff's statutory power under § 154.5 to issue another summons within the prescribed time after the original one has been quashed.[7]

 The court below was powerless to resurrect or amend the quashed service upon an admittedly misnamed corporation nor was that relief asked for.[8] Had the motion to amend been granted, the order could not have been effective to reinstate the quashed process on the corporate defendant whose name was sought to be corrected.[9] In short, the party intended to be sued could not have been brought in court except through process newly issued and effected under § 154.5 after the original one had been invalidated.[10] The power to accomplish this resided by force of law solely in the plaintiff.

Since the court's denial of plaintiff's motion to amend did not operate to preclude her from proceeding further in the case nor did it prevent a judgment, the appeal is

---

**2.** 12 O.S. 1971 § 952(a)(2) and 12 O.S.Supp. 1980 § 993.

**3.** Rule 1.11(b)(5), Rules on Perfecting a Civil Appeal, 12 O.S. 1971, Ch. 15, App. 2 and *Centorp Corp. v. Gulf Production Corp.*, 183 Okl. 436, 83 P.2d 181, 184 [1938].

**4.** The terms of 12 O.S. 1971 § 953 provide: "An order affecting a substantial right in an action, *when such order, in effect*, determines the action and *prevents a judgment* ... is a final [appealable] order ..." [emphasis ours].

**5.** The terms of 12 O.S. 1971 § 154.5 provide: "A new summons may be issued and served on the defendant after a court quashes the summons or its service notwithstanding the fact that the time for commencing the action shall have expired if the new summons is served on the defendant within sixty (60) days after the date of the order quashing the prior summons or its service."

**6.** 12 O.S. 1971 § 314; *Kepler v. Strain*, Okl., 579 P.2d 191 [1978]; *Hart v. Bridges*, Okl., 591 P.2d 1172 [1979].

**7.** *Overhuls v. Alexander*, Okl.App., 530 P.2d 573 [1974]; *Lake v. Lietch*, Okl., 550 P.2d 935 [1976].

**8.** A district court decision quashing the summons is appealable as a final prejudgment order. 12 O.S. 1971 § 953. If there is no appeal from the order, as it was the case here, the process quashed becomes *functus officio and hence beyond the reach* of the court's power to amend under 12 O.S. 1971 § 317. That section provides in pertinent part: "The court, may, before ... judgment ... amend ... process ... by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect ..."

**9.** Had the process not been quashed here or had the order quashing it been vacated within the 30-day time limit allowed by 12 O.S. 1971 § 1031.1, a § 317 proceeding could have been brought to amend process claimed to have been served on a right but misnamed party and to make the petition reflect the correct name of the entity to whom process had been delivered. *Cartwright v. Atlas Chemical Industries, Inc.*, Okl., 623 P.2d 606 [1981].

**10.** Had new summons been issued and served, as authorized by 12 O.S. 1971 § 154.5, plaintiff could have then amended her petition to make its identification of the party-defendant conformable to the name of the entity appearing upon the new process.

sought to be prosecuted from a non-reviewable interlocutory order.

Dismissed.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

WILLIAMS, J., dissents.