Sherry Lou ELLISON, now Eldridge,
Plaintiff/Respondent,

v.

Donald Wayne ELLISON,
Defendant/Petitioner.

No. 86696

Supreme Court of Oklahoma.

May 21, 1996.

J. Mark Dobbs, Dobbs & Crowder, Eufaula, for Petitioner.

Joseph L. Layden, Layden, Inc., McAlester, for Respondent.

SUMMERS, Justice.

The question before us is whether a parent may invoke a child's psychotherapist-patient privilege to prevent a psychologist from testifying in a proceeding to modify custody based upon allegations of physical and mental abuse suffered by that child. We conclude that she may not.

The father and mother were divorced in 1990 in McIntosh County. They have two minor children and the mother is the custodial parent. The children visit the father at his residence in Missouri according to the divorce decree. In 1995 while the children were visiting the father he took them to a child psychologist. The child psychologist examined the children and made a child abuse hotline call to report possible abuse.[1]

The father then filed in McIntosh County a motion to modify the divorce decree and change the custody of the children from the mother to himself. He alleged that the mother's conduct constituted abuse or neglect and amounted to a significant change in circumstances warranting the change in custody.

A hearing was held on the motion and the father called the psychologist to testify. The mother objected to his testimony, relying upon 12 O.S.1991 § 2503, the statute providing for a privilege for communications between a psychotherapist and his patient. The trial court sustained the objection, stayed further proceedings, and certified for our review the question of whether a custodial parent could invoke the privilege on behalf of a child-patient when the non-custodial parent offered the testimony.

Certiorari is used by this Court to review certain interlocutory trial court orders. The order must affect a substantial part of the merits of the controversy and be certified by the trial judge that an immediate appeal may materially advance the ultimate termination of the litigation. 12 O.S.1991 § 952(b)(3). We have said that the term "merits" includes the real or substantial grounds of action or defense, and excludes matters of practice, procedure, and evidence. *Pierson v. Canupp*, 754 P.2d 548, 552 n. 8 (Okla.1988). This evidentiary ruling does not technically go to the merits of the case, although it might well be determinative of the outcome.

We have recast petitions for interlocutory certiorari as applications for extraordinary relief. *Bilecki v. Service Collection Association, Inc.*, 732 P.2d 452, 453

(Okla.1986); *White v. Wensauer*, 702 P.2d 15, 16 (Okla.1985). Rulings prior to trial on motions in limine are advisory, and thus not proper for prohibition since the trial court may make the correct ruling when the objection is made in the course of trial. See *Watchorn Basin Association. v. Oklahoma Gas & Electric Co.*, 525 P.2d 1357, 1359 (Okla.1974) where we said that prohibition is an extraordinary writ and cannot be used in place of the usual and ordinary remedies. The ruling here was made in the course of trial. Evidentiary rulings during trial are reviewable when the subsequent judgment or appealable order is appealed, and prohibition does not ordinarily take the place of an appeal that is adequate in the particular circumstances to give complete relief to the parties. *Moses v. Hoebel*, 646 P.2d 601 (Okla.1982).

But the circumstances of this dispute weigh in favor of immediate extraordinary relief. The father simply seeks an opportunity to present his full case before the trial court. The issue certified for our review is one of first impression for this jurisdiction. The trial involves the right to custody of minor children and allegations of child abuse. There is a strong public policy toward disclosing allegations of child abuse in this jurisdiction, and we view the Court's order as being contrary to that policy. The chance of reversal on subsequent appeal is great. We therefore recast this proceeding to one for prohibition and assume original jurisdiction pursuant to Okla. Const. Art. 7 § 4.

The physician and psychotherapist-patient privilege provided by 12 O.S.1991 § 2503 prohibits the disclosure in judicial proceedings of confidential information communicated to the physician or psychotherapist by the patient. One author has stated that the statutory definition for a patient in § 2503(A)(1), combined with § 2503(B) setting forth the privilege, suggests that the patient is "a competent, conscious adult". 2 L. Whinery, *Oklahoma Evidence*, § 37.02 at 810 (1994). However, the author does not rule out application of the privilege to patients of minor age.

---

1. The Oklahoma Child Abuse Reporting and Prevention Act, at 10 O.S.1991 §§ 7103 and 7104, requires the prompt reporting of what appears to be child abuse.

Assuming for the sake of argument that the privilege applies to children, there are circumstances when the child's parent is not free to invoke it. One court has held that when the parent's interests in suppressing the evidence are obviously adverse to the interests of the child-patient, as in the alleged commission of a crime against the child by the parent, that parent does not possess the authority to invoke the privilege. *State v. Hunt,* 2 Ariz.App. 6, 406 P.2d 208, 220 (1965). Another has held that although normally a parent would have the right to claim her child's privilege, that right exists only when it is in the child's best interest to do so. Where excluding the physician's testimony is in the mother's best interest but contrary to the child's, the mother may not raise the privilege. *State v. Evans,* 802 S.W.2d 507, 511 (Mo. banc 1991).

Our Legislature has also recognized that the privilege does not apply in certain cases. In the Oklahoma Child Abuse Report and Prevention Act 10 O.S.Supp.1995 § 7113 (formerly found at 21 O.S.1991 § 848) states:

Admissibility of evidence.

In any proceeding resulting from a report made pursuant to the provisions of the Oklahoma Child Abuse Report and Prevention Act or *in any proceeding where such a report or any contents of the report are sought to be introduced into evidence, such report, contents, or other fact related thereto or to the condition of the child or victim who is the subject of the report shall not be excluded on the ground that the matter is or may be the subject of a physician-patient privilege or similar privilege or rule against disclosure.*

(Emphasis added).

The Legislature, which in its Evidence Code at 12 O.S.1991 § 2503, created the psychotherapist-patient privilege invoked by the mother, has expressly revoked that privilege in its adoption of the Oklahoma Child Abuse Reporting and Prevention Act, 10 O.S.Supp. 1995 §§ 7101 et seq.

The facts before the Court show that a child abuse hotline report was made. We cannot tell whether the report was made in Oklahoma pursuant to Oklahoma Child Abuse Report and Prevention Act, or in Missouri pursuant to some other authority. However, the Oklahoma Act states: "It is the policy of this State to provide for the protection of children who have had physical injury inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct or persons responsible for the care and protection of such children." 10 O.S.Supp.1995 § 7102.

■ We conclude that the policy underlying 12 O.S.1991 § 2305 is supplanted by that expressed in the Oklahoma Child Abuse Reporting and Prevention Act. A custodial parent may not invoke the privilege in a modification of custody proceeding to prevent testimony by a physician or psychotherapist as to the child-patient's communication relevant to abuse and neglect.

Let the writ of prohibition issue to the Judge of the District Court of McIntosh County assigned to Sherry Lou Ellison, now Eldridge v. Donald Wayne Ellison, Cause, D–90–23. The order of that Court sustaining the objection to testimony based upon the privilege in 12 O.S.1991 § 2503 shall not be enforced. The proceeding for modification of custody shall resume and the father shall be given the opportunity to produce the challenged testimony.

KAUGER, V.C.J., and HODGES, LAVENDER and WATT, JJ., concur.

HARGRAVE, J., concurs in result.

ALMA WILSON, C.J., and SIMMS and OPALA, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. In my opinion the majority simply heaps error upon error by "recasting" an untimely petition for interlocutory certiorari into an application for extraordinary relief and then answering the underlying question which is inappropriate for interlocutory review. This proceeding is "laden with postural and jurisdictional infirmities" and should be dismissed. *Lawson v. Boston Chrysler, Plymouth and Dodge, Inc.,* 625 P.2d 1258, 1259 (Okla.1981). *See also*

*Salyer v. National Trailer Convoy, Inc.,* 727 P.2d 1361 (Okla.1986).

After sustaining the mother's objections to the psychologist's testimony, the trial judge signed an order on November 16, 1995, explaining the basis of his ruling and certifying the question for review by this Court. The father's appeal of that order was not timely, however. His petition for certiorari was tendered for filing on December 18, 1995, but it was not accompanied by the required filing fee. A sufficient filing fee was not deposited until December 20, 1995, and the petition was filed that date which was too late.

Under our rules, a petition for certiorari to review a certified interlocutory order is treated as a petition in error in terms of the requirements for perfecting an appeal. A proceeding for review of a certified interlocutory order is commenced when the petition for certiorari is filed within thirty (30) days of the date the order is certified and all costs are deposited. Rule 1.51 and Rule 1.14 of the Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2.

Timely commencement of an appeal is a jurisdictional requirement. The appellant's failure to file his petition within 30 days is a jurisdictional defect which places this matter beyond our power to consider it. This is true regardless of the way in which the majority now characterizes the pleadings before us.

In addition to the absence of appellate jurisdiction, the case is also afflicted with a procedural infirmity which should cause this Court to deny certiorari. As the majority admits, the underlying question does not concern issues which are proper for certification and review by interlocutory order. It is merely an evidentiary ruling; a discretionary call by a trial judge disallowing proffered testimony.

Our power to review certified orders is limited to those involving prejudgment issues which affect a substantial part of the merits of a controversy. 12 O.S.1991, § 952(b)(3); *Pierson v. Canupp,* 754 P.2d 548 (1988). Issues outside the merits of a controversy are not certifiable for review of an interlocutory order, and evidentiary rulings are outside the merits. *See Pierson, supra,* and cases cited therein.

The majority, however, is doggedly determined to address the question raised and therefore "recasts" this tardy petition for interlocutory certiorari into an application to assume original jurisdiction and grant extraordinary relief.

I will not belabor this dissent with my negative thoughts about the court's emerging tendency to practice law for our litigants by changing their actions filed as one thing into another. By "recasting" the pleadings, characterizing them as something never intended by the attorneys or parties, the Court simply changes sows' ears into silk purses—or as in this case, sows' ears into sows' tails. I only offer my view that the practice is ill-advised and short-sighted.

A question of the correctness of the trial court's prejudgment rulings on questions of proffered testimony is no better suited for consideration as an application for assumption of original jurisdiction and exercise of extraordinary relief than as an interlocutory appeal. The majority acknowledges that prohibition should not lie where an appeal is the proper remedy and affords complete relief, as it does here, but concludes that the "circumstances" of this dispute weigh in favor of extraordinary relief. I disagree. There are no circumstances which justify this extraordinary treatment by this Court. The majority is simply using this "recast" proceeding as a vehicle to issue an advisory opinion on the new Child Abuse Report and Prevention Act. The trial court may have been incorrect in refusing to allow the testimony, but review of that decision should come to this Court by regular appeal following judgment in the matter.

I am authorized to state that Chief Justice WILSON and Justice OPALA join with me in the views expressed herein.