1999 OK CIV APP 23

**Dan DUROCHER, In his capacity as Receiver for the Employers Workers' Compensation Association, an Unincorporated Group Self–Insurance Association, Plaintiff/Appellant,**

**v.**

**NELSON STONE CO., INC., a Missouri Corporation d/b/a Nelson Brothers, Inc., Defendant/Appellee.**

**No. 90,410.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 20, 1998.

Certiorari Denied Feb. 25, 1999.

---

Richard A. Shallcross, Tulsa, Oklahoma, For Appellant.

1. Since amended, Laws 1996, c. § 12 effective Nov. 1, 1996.

2. In any event, under the definition of an open account such as contained in *Nicholson v. Thix-*

Joseph F. Clark, Jr., Tulsa, Oklahoma, For Appellee.

## OPINION

CARL B. JONES, Vice Chief Judge:

¶ 1 This cause comes up on appeal with but a single issue of law to be decided. That point is: Are attorney's fees taxable as costs to the prevailing party in an action brought to recover deficit insurance premium assessments from a former member of an Oklahoma workers' compensation group formed under the authority of 85 O.S.1991 § 149.1?[1] After the issue was briefed and argued the Trial Court held that this cause did not come within the bounds of 12 O.S.1991 § 936, and this determination is here affirmed.

¶ 2 The Employers Workers' Compensation Association, hereafter Appellant, TEWCA, or Receiver, advances both a § 936 (services) basis for attorney's fee award and an open account theory. The open account theory argued here in one paragraph was not presented to the Trial Court in argument, and was not mentioned in the brief to the Trial Court. That being the case, this Court will not consider that proposition in this appeal. The parties are limited to presenting on appeal issues presented to the Trial Court. Issues and arguments which are not presented to, and passed upon by, the Trial Court will not be reviewed on appeal.[2] This appellate court must confine its review to issues which were presented to the Trial Court. Appellate courts will not make first instance determinations of disputed questions of law, or fact, whether the appeal is in law, equity, or review of an administrative decision. *Reddell v. Johnson,* 1997 OK 86, 942 P.2d 200; *Bivins v. State ex rel. Oklahoma Memorial Hospital,* 1996 OK 5, 917 P.2d 456; *McKinney v. Harrington,* 1993 OK 88, 855 P.2d 602; *Jones v. Alpine Investments, Inc.,* 1987 OK 113, 764 P.2d 513. The rational for the rule is the fact that this appellate court is an error correcting

*ton,* 1968 OK 175, 448 P.2d 454, it is clear that the cause before the court does not fit within the definition of an open account.

court, and without presentation of the question to the nisi prius tribunal, and a subsequent erroneous determination of that question, there is no error to correct on appeal. Jurisdictional questions are an exception to this rule. *Voiles v. Santa Fe Minerals, Inc.,* 1996 OK 13, 911 P.2d 1205.

¶ 3 The remaining contention is that the action carries with it attorney's fees to the successful party because it comes under the nomenclature of an action to recover for the nonpayment of insurance services and is therefore within 12 O.S.1991 § 936. It is, the Appellant says, the only logical conclusion that can be drawn from a reading of the statute and the Plaintiff's petition. Appellant then aids the court by affording several citations to case law, in the event the Court is unable to reach this common sense conclusion by merely reading the statute and applying it to the facts. As there is ample authority from the Oklahoma Supreme Court on this question, and analysis of Appellant's citation to Court of Civil Appeals cases is bypassed.

¶ 4 Cases cited by Appellant prior to 1975 are not in point in interpreting the "labor or services" provision of § 936. The now current interpretation of the "contract for services" portion of § 936 begins with the case of *Russell v. Flanagan,* 1975 OK 173, at ¶ 9–10, 544 P.2d 510, at p. 512, when the court stated:

¶ 5 We are of the opinion that the phrase 'or for labor or services' properly comes within the initial category of 'a civil action' not, as appellant contends, the antecedent classification of a 'contract relating to....'

¶ 6 We believe that the addition of the phrase 'or for labor or services' by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if, as appellant contends, this clause were construed to allow attorney fees in the all encompassing field of 'contracts related to ..., labor or services.'

¶ 7 This language has been characterized as strictly limiting the "labor and services" provision of the statute to actions

brought to recover for labor and services rendered. It specifically rejected an interpretation of § 936 which would allow the courts to award attorney fees to the prevailing party in an action alleging injury that was merely related to a contract for labor and services. *Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services. *Burrows Const. Co. v. Independent School Dist. No. 2 of Stephens County,* 1985 OK 57, 704 P.2d 1136.

¶ 8 In *Holbert v. Echeverria,* 1987 OK 99, 744 P.2d 960, the record indicated the primary purpose of the contract was to construct a house and to convey to the purchasers the real property on which it was located. The applicability of § 936's labor-and-services provisions was said to be determined by the underlying nature of the suit. Where recovery is sought for labor and services, as in the case of a failure to pay for them, the statute applies. Its provisions are inapplicable if the suit is one for damages arising from the breach of an agreement that simply relates to labor and services. The court noted the question to be resolved was whether the damages arose directly from, or were merely collateral to, the rendition of labor or services. In that cause it was decided recovery of money damages for breach of a contract to convey improved real property clearly was the gravamen of the redress sought, and recovery of attorneys' fees under § 936 did not lie.

¶ 9 This cause is similar in nature. As the Appellant notes, the cornerstone of worker's compensation group self-insurance is joint and several liability. Every employer who joins a group formed under 85 O.S. § 149.1 must sign a membership agreement in which it is agreed that the member will be jointly and severally liable for the debts of the group. When all group members have pledged to be jointly and severally liable for the debts of the association, then the self-

insurance becomes a reality, and injured workers will always be safe in the expectation that there will be an asset from which to satisfy their respective injury claims. On November 17, 1992, January 14, 1994, and April 21, 1995 the TEWCA board of supervisors voted to assess all employer members additional premiums, called a deficit premiums, *for the purpose of raising enough money to fund the employee work-related injury claims* that occurred within the group during the three preceding periods. This is provided for in paragraph three of the agreement between TEWCA and Nelson Stone Co. Inc. as follows:

¶ 10 Each and every Member jointly and severally agrees to assume, and pay and discharge all liabilities under the Act of and all Members of the Association, except for those liabilities that are specifically excluded by this Agreement, and each Member agrees to pay any assessments as may be required by the Board.

¶ 11 The facts summarized in the above two paragraphs are from the Appellant's brief. A cursory review of these facts illustrates that the action before the court was not intended to collect for labor or services, but to recoup enough money from the joint and several obligations of the members to cover workers' compensation claims the group had experienced. As *Holbert, supra,* notes, the statute's provisions are inapplicable if the suit is one for damages arising from the breach of an agreement that simply relates to labor and services. The question to be resolved is whether the damages arose directly from, or were merely collateral to, the rendition of labor or services. Here, the suit was to collect on a joint and several obligation to provide workers' compensation insurance funding and any servicing component in the agreement creating the liability was clearly ancillary to the joint and several liability contract. The fact that the contract had to be administered does not make it primarily a contract for services rendered.[3] Accordingly, suit upon the contract does not bring the successful party attorney's fees under 12 O.S.1991 § 936 and the Trial Court

committed no error in so holding. The decision of the Trial Court must be, and is, affirmed.

¶ 12 AFFIRMED.

JOPLIN, P.J., and GARRETT, J., concur.

---

**3.** This is illustrated noticing the service component of *Holbert, supra,* was the *construction* and conveyance of a dwelling and not even that quali-

fied it as primarily a contract for services under the statute.