2002 OK CIV APP 92

**MARLIN OIL CORPORATION,**
Plaintiff/Appellee,

and

Ralph L. Harvey, Plaintiff,

v.

**BARBY ENERGY CORPORATION**
and Bradford Guy Barby, Defendants/Appellants.

No. 95,915.

Court of Civil Appeals of Oklahoma,
Division No. 3.

April 5, 2002.

Philip D. Hart, Gary C. Pierson, McAfee & Taft, Oklahoma City, OK, for Defendants/Appellants.

George S. Corbyn, Jr., Amy J. Pierce, Oklahoma City, OK, for Plaintiff/Appellee.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 Defendants/Appellants, Barby Energy Corporation and Bradford Guy Barby (collectively Barby), seek review of the trial court's orders granting judgment based on a jury verdict in favor of Plaintiff/Appellee, Marlin Oil Corporation (Marlin), and awarding costs, attorney fees, and prejudgment interest to Marlin. We reverse to the extent the trial court awarded prejudgment interest to Marlin, and affirm in all other respects.

¶ 2 Marlin is the operator of two natural gas wells in which Barby owns working and royalty interests. Barby disputed certain charges Marlin imposed against it for the operation of the wells. In May 1993, Barby filed a small claims action in Woodward County, Oklahoma, against Marlin for $2,643.33. After Marlin moved to transfer the matter to the district court docket, Barby dismissed the action. On November 24, 1993, Barby sued Marlin in Beaver County, alleging Marlin breached the operating agreement by charging Barby for expenses not recoverable under the operating agreement and converting Barby's royalties. Marlin counter-claimed for expenses under the operating agreement and sought declaratory relief.

¶ 3 The parties engaged in discovery. On August 21, 1995, Marlin filed a motion for a protective order, asserting Barby's discovery tactics were abusive and oppressive, interfered with Marlin's normal business operations, and caused Marlin to incur unreasonable expenses. The trial court denied the motion and directed Marlin to respond to disputed discovery requests.

¶ 4 On December 28, 1995, Marlin and its president, Plaintiff Ralph L. Harvey, filed the instant suit against Barby in Oklahoma County, asserting claims for tortious interference with contracts and prospective business advantage, defamation, abuse of process, and a declaration of rights under the operating agreement. Barby answered and, among other defenses, asserted Marlin's claims were barred by estoppel. Marlin and Harvey later dismissed their defamation claim.

¶ 5 On March 7, 1997, Marlin filed an offer to allow judgment for $2,500.00 in the Beaver County case. Barby accepted the offer, and the district court entered judgment for that amount in a journal entry signed on March 15, 1997, but not filed until September 8, 1997.

¶ 6 The Oklahoma County case went to trial before a jury on December 11, 2000. The trial court directed a verdict for Barby as to Marlin's tortious interference with contracts and prospective business advantage claim, but submitted the abuse of process claim to the jury. The jury returned a verdict for Marlin, awarding $154,261.00 in actual damages and $150,000.00 in punitives and specially finding Barby acted with malice. The trial court entered judgment in the amount of $304,261.00 against Barby in favor of Marlin. Marlin then moved for costs, attorney fees, and prejudgment interest. Barby also moved for attorney fees and costs. The trial court granted Marlin's motion and denied Barby's motion, awarding Marlin costs of $4,410.10, attorney fees of $63,885.75, and prejudgment interest of $25,299.50. Barby appeals from both orders.

I

¶ 7 Barby's first two propositions of error are (1) Marlin's abuse of process claim was barred by the doctrine of issue preclusion, and (2) this Court should hold, as a matter of first impression, that claims of abusive discovery can only be litigated in the suit in question and not in a subsequent abuse of process suit. As a threshold matter, Marlin argues Barby failed to obtain any determination from the trial court on these issues and

therefore failed to preserve them for appellate review.

¶8 We will not review questions not presented to and passed upon by the trial court. *Von Stilli v. Young*, 1950 OK 137, 203 Okla. 86, 219 P.2d 224. As an appellate court, our function is to correct error. Unless there is presentation of the question to the trial court and a subsequent erroneous determination of that question, there is no error to correct on appeal. *Durocher v. Nelson Stone Co., Inc.*, 1999 OK CIV APP 23, 978 P.2d 371, 372–373. A ruling in limine is not a determination we will review; it is preliminary and advisory only. A party aggrieved by an order in limine must "raise the issue at the appropriate time during the trial, either by objecting when the challenged evidence or testimony is admitted or by making an offer of proof of the excluded matter." *Middlebrook v. Imler, Tenny & Kugler M.D.'s, Inc.*, 1985 OK 66, 713 P.2d 572, 579. It is the evidentiary ruling during trial that we will review when the subsequent judgment is appealed. *Ellison v. Ellison*, 1996 OK 64, 919 P.2d 1, 2.

¶9 Barby argues it raised the defense of issue preclusion in the pretrial conference order and in its motion in limine. It argues it raised the matter again at trial when Marlin's witness started to testify on direct examination about Barby seeking discovery in the Beaver County case of documents relating to 100 other wells. The following took place:

Q Did they own an interest in those wells?

[Barby's Counsel]: Judge, I would like at this point in time to interpose an objection.

(THE FOLLOWING PROCEEDINGS WERE HAD AT THE BENCH OUTSIDE THE HEARING OF THE JURY.)

[Barby's Counsel]: This is getting into the area, Judge, that we talked about earlier [sic] is the testimony relating to orders entered by the Court after having testimony, and if a final judgment has been entered and it is the case and the law, and according to this particular area, is not proper.

THE COURT: I thought we were talking about discovery.

[Marlin's Counsel]: Absolutely. He hasn't said a word about your ruling. I told him not to.

THE COURT: Overruled.

The witness then testified Barby had obtained access to "hundreds of thousands of documents" relating to "almost every other well that [Marlin] had operated over the last several years," and which were "totally unrelated to these two particular wells that were at issue in that lawsuit."

¶10 The above ruling on Barby's objection is the only trial court ruling Barby cites as error in his first and second propositions. Therefore, the only issue raised by Barby's first two propositions of error and preserved for review is whether the trial court erred in allowing testimony that Barby sought discovery in the Beaver County case of documents relating to wells in which it had no ownership interest. Barby did not obtain any ruling by the trial court as to whether Marlin's abuse of process claim was barred by issue preclusion. It could have sought such a ruling through a motion for summary judgment prior to trial or in its motion for directed verdict at the close of evidence. While Barby did assert a "demurrer to the evidence," it argued only that attorney fees were not a proper element of damages in an abuse of process claim. Therefore, Barby preserved no error as to whether Marlin's abuse of process claim was barred by issue preclusion.

¶11 All relevant evidence is admissible unless excluded by rules of evidence, statute, or constitution. 12 O.S.1991 § 2402. Relevant evidence is evidence tending to make the existence of a material fact more or less probable. 12 O.S.1991 § 2401. The elements of a claim for abuse of process are "(1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse." *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905 (footnotes omitted). Evidence that Barby sought and obtained discovery in the Beaver County case of documents relating to wells in which Barby had no ownership interest is relevant

to the fact issues of whether Barby improperly used the court's process and whether it did so for an ulterior purpose. Therefore, the trial court did not err in allowing the challenged testimony.

II

¶ 12 Barby's third proposition of error claims the evidence Marlin adduced was insufficient to prove the elements of its claim. In reviewing a jury's verdict in an action at law, we will not disturb the verdict unless it is unsupported by any competent evidence. We will not weigh the evidence, but will view it in the light tending to support the judgment, together with all reasonable inferences, and will reject all conflicting evidence adduced by the adverse party. *Stroud v. Arthur Andersen & Co.*, 2001 OK 76, ¶ 9, 37 P.3d 783.

¶ 13 Improper use means a "definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Tulsa Radiology Associates, Inc. v. Hickman*, 1984 OK CIV APP 11, 683 P.2d 537, 539 (quoting PROSSER, HANDBOOK OF THE LAW OF TORTS, § 121, at 857 (4th Ed.1971)). This element is not met if "the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* Process "encompasses the entire range of procedures incident to the litigation process." *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905 at n. 47 (citing *Nienstedt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876, 880 (1982)).

¶ 14 Marlin's previous attorney testified Barby represented to the Beaver County court that the case justified extensive discovery, and Marlin later learned Barby's expert witness had valued Barby's claim at $600.00. Marlin's secretary testified Paul Barby used his access to Marlin's office during document production to enter the file room alone and look at files not marked for production, including files relating to interests owned by Harvey personally. This evidence is competent evidence from which the jury could find Barby improperly used the court's process.

¶ 15 The second element is the court's process must have been used primarily for an ulterior purpose. *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905. Brad Barby testified he had participated in audits conducted pursuant to joint operating agreements and had resolved disputes through the audits without litigation. He admitted he never sought an audit under the joint operating agreement with Marlin. He agreed his expert witness found approximately $500.00 in improper charges for first level field supervision, and $119.00 in improper charges for affiliated entities. He agreed he testified in his deposition that he was not surprised at how low those numbers were. At trial, Brad Barby denied that when he filed the Beaver County litigation, he expected it to cost $50,000.00, but agreed he had so testified at his deposition. He testified he spent less than $100,000.00 prosecuting the Beaver County case. He said he paid his expert witness $33,000.00. Brad Barby admitted he was trying to gather information to proceed with a class action. This evidence is competent evidence from which the jury could find Barby brought the Beaver County case not to recover the disputed charges but to use the court's process to discover evidence for use in a class action case.

¶ 16 Barby contends Marlin failed to establish the third element of damages because it only offered into evidence the amount of attorney fees Marlin paid to defend the Beaver County case. It argues there is "scant authority" that attorney fees can suffice as awardable damages in an abuse of process case, and PROSSER AND KEETON ON TORTS, § 121 (5th Ed.1984) considers recovery of fees in such a case "problematical."

¶ 17 Marlin is entitled to compensation for all detriment proximately caused by Barby's abuse of process. 23 O.S.1991 § 61. When the detriment includes being required to defend a lawsuit, attorney fees are recoverable as an item of damages. *See Central Oil & Drilling Co. v. Wilson*, 1942 OK 246, 191 Okla. 91, 127 P.2d 162, 163. Marlin submitted competent evidence from which the jury could find damages resulting from the abuse of process.

### III

¶ 18 Barby's next proposition is the trial court erred in excluding evidence of improper charges made by Marlin prior to November 24, 1988. Barby asserts the trial court made this ruling in granting Marlin's motion in limine, and later maintained the ruling in denying admission of Defendant's Exhibit 5. Barby sought admission of Exhibit 5 during its cross-examination of Marlin's president, Ralph Harvey, after Harvey denied billing out more than one day of a certain employee's time for any 24–hour period. Exhibit 5 was a letter from Brad Barby to Larry Gordon, Marlin's vice president. The letter had hand-written notations in the margins, which Barby asserts controverted Harvey's testimony. Marlin opposed the exhibit's admission. The trial court noted there had been trial testimony about events going back fifteen years, but stated, "I'm not going to make a ruling that it's admissible, but I'm going to ask them to show this to the witness and if the witness doesn't know anything about this, I'm not going to necessarily let it in." It called a recess and excused the jury. The trial court then made the following record:

> This is regarding Defendant's Exhibit 5, and we have had a small recess and counsel conferred with clients, and also I've had a chance to confer with counsel regarding this issue and I'm going to stand on my previous ruling. . . . [T]he handwriting on here is not the witness on the stand and other than getting into what I perceive at this point to be additional discovery in the case, there is no deposition or any testimony at this point in time that identifies this handwriting and explains what it means. . . . I'm going to stay with my original ruling and sustain the objection to the admissibility.

Barby then submitted the letter as its offer of proof, and the trial court accepted it for that purpose. Barby called no witnesses on its own behalf.

¶ 19 This record shows the trial court agreed with Barby that Marlin had opened the door for evidence of matters before 1988, but refused admission of the letter because it had not been authenticated. The trial court properly excluded the evidence pursuant to 12 O.S.1991 § 2901(A).

### IV

¶ 20 Barby's last proposition is the trial court erred in awarding prejudgment interest to Marlin. Prejudgment interest is authorized on "a verdict for damages by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from bodily restraint, personal insult, defamation, invasion of privacy, injury to personal relations, or detriment due to an act or omission of another." 12 O.S.Supp. 1999 § 727(E). Barby contends this language does not authorize prejudgment interest in this case because Marlin's recovery was for a business loss, not a personal loss. It also argues the language of § 727 refers only to natural persons and not to corporations. In response, Marlin argues abuse of process is an injury to personal rights.

¶ 21 In *Stroud v. Arthur Andersen & Co.*, 2001 OK 76, 37 P.3d 783, ¶¶ 35 and 36, the Oklahoma Supreme Court discussed the Legislature's intent to allow only limited modification of the common law rule that judgments do not bear interest. It declined to "eviscerate the legislatively-imposed limitations," and stated, "[a]n economic loss emanating from a business venture does not qualify as a personal injury under § 727(E)." In an abuse of process case, the nature of the economic loss depends upon the nature of the underlying lawsuit. In this case, the parties' dispute emanated from their business relationship, namely, that of oil and gas operator and working interest owner. Therefore, Marlin's economic loss as a result of the abuse of process does not qualify as a personal injury under § 727(E), and the trial court erred in awarding prejudgment interest.

¶ 22 For the foregoing reasons, the trial court's order is REVERSED to the extent it awarded prejudgment interest to Marlin. Its orders are AFFIRMED in all other respects.

ADAMS, J., and MITCHELL, J., concur.